UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL CORP., et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>　　　　　　Defendant. | Case No.: 16-CV-704-BTM-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND** |

Pending before the Court is Plaintiffs Youngevity International Corp.'s ("Youngevity") and Dr. Joel D. Wallach's ("Wallach") motion to file a fourth amended complaint. (Pl.s' Mtn to Amend, ECF No. 109.) For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

## I. BACKGROUND

On December 21, 2016, upon leave of the Court, Plaintiffs filed their third amended complaint. (ECF No. 64.) Plaintiffs now move to amend their complaint for a fourth time. Plaintiffs seek to add Barb Pitcock ("Pitcock"), Mike Casperson ("Casperson"), and Mike Randolph ("Randolph") as defendants. Plaintiffs also seek to add the following new allegations and claims: (1) allegations that Defendant Wakaya made misleading statements about its

1

BulaFIT product line, Plan to a Grand program, Calcium Bentonite Clay Powder, and turmeric products in violation of the Lanham Act; (2) allegations related to Defendant William Andreoli's alleged breaches of fiduciary duties and contract; and (3) claims against Defendants Brytt Cloward, Patti Gardner, Randolph, and Casperson for their alleged breaches of loyalty.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Additionally, a court may consider the factor of undue delay. *Id.* at 757–58.

These factors are not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* The test for futility is the same one used when considering the sufficiency of a pleading under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## III. DISCUSSION

First, Defendants oppose Plaintiffs' motion by arguing that it is procedurally deficient because Plaintiffs failed to provide any of the 53 separate exhibits supporting the allegations in their amended complaint as required under Civil Local Rule 15.1[1]. While Plaintiffs did violate Rule 15.1 by not providing Defendants with the exhibits they reference to in their amended complaint, the

---

[1] Civil Local Rule 15.1(a) provides that "[a]ll amended pleadings must contain copies for all exhibits referred to in such amended pleadings."

Court excuses the violation in the interest of judicial efficiency. Further, because Plaintiffs directly quote from documents that Defendants are in possession of or have at least knowledge of, the violation does not cause sufficient prejudice so as to warrant a denial of Plaintiffs' motion to amend.

Second, Defendants argue that the motion to amend should be denied because Plaintiffs have failed to explain the delay in adding Pitcock, Casperson, and Randolph as defendants or asserting a breach of loyalty cause of action. Plaintiffs filed their motion to amend within the time allotted under the Court's scheduling order. *See* (ECF No. 87 at ¶ 1.) Given the present stage of this litigation, the Court does not find that Plaintiffs acted in bad faith or that granting Plaintiffs leave to file an FAC would prejudice Defendants. Undue delay alone is insufficient to justify denying a motion to amend. *Bowles*, 198 F.3d at 758. Therefore, leave to amend turns on whether the proposed amendments would be futile.

**A. Lanham Act Claims**

Section 43(a) of the Lanham Act "allows one competitor to sue another if it alleges unfair competition arising from false or misleading product descriptions." *POM Wonderful LLC v. Coca-Cola Co.*, __ U.S. __, 134 S. Ct. 228, 1879 (2017). A plaintiff seeking to establish a prima facie case under the Lanham Act must show that:

> (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.

*Newcal Indust. V. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).

//

### 1. Plan to a Grand Amendments

Defendants challenge Plaintiffs' allegations concerning Wakaya's Plan to a Grand program, arguing that the statements they made are not actionable under the Lanham Act. Specifically, they argue that the claims that Wakaya Ambassadors could easily earn $1,000 per month and that 95% of Wakaya Ambassadors would earn more than $1,000 per month are either true or non-actionable generalized statements.

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Even if an advertisement is not literally false, it still remains actionable if a plaintiff can show "that the advertisement has misled, confused, or deceived the consuming public." *Id.* at 1140. When determining whether an advertising claim is literally false, it must be analyzed within its full context. *Id.* at 1139.

Whether Wakaya's statements are false or misleading is a question of fact for the jury. *See Newcal Industries, Inc.*, 513 F.3d at 1053–54. Thus, Plaintiffs' amendments are not futile because they have sufficiently stated a claim under the Lanham Act.

### 2. The Calcium Bentonite Clay Powder Amendments

Defendants also challenge Plaintiffs' allegations concerning Wakaya's Calcium Bentonite Clay Powder, arguing that Plaintiffs are inappropriately attempting to bring a cause of action under the Safe Drinking Water Act, 40 C.F.R. § 114.1, *et seq.*. However, a review of the proposed amended complaint reveals that Plaintiffs are not attempting to bring a cause of action under the Safe Drinking Water Act, but instead bringing a claim for Defendants' alleged false advertising about its clay products. Defendants advertise that these products

produce "AMAZING health benefits" and "powerful detoxifying benefits."  (Pl.s' Mtn to Amend, Ex. A, ¶¶ 102, 105.)  Plaintiffs allege that these statements are misleading because Wakaya advertises its clay products as healthy and beneficial even though they contain toxic levels of lead.  (Id. at ¶¶ 109–114.)  Plaintiffs have, therefore, sufficiently pled allegations under the Lanham Act.

### 3. BulaFIT Burn! Capsule Amendments

As to Plaintiffs' amendments related to Wakaya's BulaFIT Burn! products, Defendants argue that their use of the phrase "herbs and extracts" is not misleading because the label discloses its ingredients.  However, as discussed above, whether Wakaya's statements are false or misleading is a question of fact that is not appropriate for determination at this juncture.  *See Newcal Industries, Inc.*, 513 F.3d at 1054.  Therefore, Plaintiffs have sufficiently stated a claim under the Lanham Act.

### 4. BulaFIT Weight Loss Amendments

Lastly, Defendants argue that Plaintiffs' BulaFIT weight loss amendments are futile because Plaintiffs cannot assert a cause of action under the Federal Trade Commission Act, 15 U.S.C. § 45.  Defendants made claims that their weight loss products will cause all or a substantially majority of consumers participating in the BulaFIT program to lose substantial amounts of weight.  (Pl.'s Mtn to Amend, Ex. A, ¶¶ 170–80.)  Rather than assert a claim under the Federal Trade Commission Act, Plaintiffs assert a claim under the Lanham Act, alleging that these weight loss claims are either false or misleading.  (Id. at ¶ 184.)  Accordingly, the Court finds that Plaintiffs' amendments are not futile.

//
//
//
//
//

## IV. CONCLUSION

Therefore, the Court **GRANTS** Plaintiffs' motion to file a fourth amended complaint. Plaintiffs are ordered to file their fourth amended complaint, which must contain all exhibits referred to in the amended complaint, within seven days of entry of this order. Defendants shall have 30 days to respond to the fourth amended complaint.

**IT IS SO ORDERED**.

Dated: October 30, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court