# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL CORP., et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 16-cv-704-BTM-JLB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS FOR DESTRUCTION OF EVIDENCE [ECF NO. 194]** |
| WAKAYA PERFECTION, LLC, et al.,<br><br>　　　　　　　　　Counter Claimants,<br><br>v.<br><br>YOUNGEVITY INTERNATIONAL CORP., et al.,<br><br>　　　　　　　　　Counter Defendants. | |

On September 15, 2017, Plaintiffs and Counterclaim Defendants filed a motion for sanctions for spoliation of evidence. (ECF No. 194.) The Court heard oral arguments on the motion on November 29, 2017. For the reasons discussed below, Plaintiffs' motion is denied.

//

1

# DISCUSSION

Plaintiffs claim that while still employed at Youngevity, Willaim Andreoli, Mike Randolph, Patti Gardner, and Mike Kolinski all communicated with each other via their personal emails about establishing Wakaya Perfection. Youngevity alleges that Gardner used her Heritage Makers ("HM") email account, while Andreoli, Randolph, and Kolinski used their personal Comcast email accounts. Plaintiffs now seek sanctions for the alleged destruction of numerous emails from these accounts which they contend lend support to their claims including breach of fiduciary duties and misappropriation of trade secrets. Plaintiffs also seek sanctions for the deleted data from Gardner's and Brytt Cloward's Youngevity issued laptops and Barb Pitcock's deleted Facebook posts concerning Wakaya promotional claims she made.

Plaintiffs argue that Defendants had a duty to preserve these documents and their failure to place a litigation hold led to the destruction of documents likely to contain evidence of Defendants' tortious conduct. Plaintiffs seek sanctions in the form of the following adverse inference jury instructions:

> (1) that Randolph's deleted Comcast e-mails evidence Randolph's and Andreoli's involvement in, promotion of, and employment in Wakaya beginning in October 2015, while both were still employed by Youngevity and prior to Randolph and Andreoli submitting their resignations; (2) that Barb Pitcock's deleted Facebook posts evidence Pitcock falsely represented the amount of income Wakaya Ambassadors can earn and falsely advertised that Youngevity had financial troubles; (3) that Gardner's deleted e-mails provide evidence that Gardner, while still employed by Youngevity, misappropriated Youngevity's highly confidential and proprietary trade secrets, including its non-public product pricing information, to benefit Wakaya; and (4) that Gardner's and Cloward's deleted data from their Youngevity computers provide evidence that Gardner and Cloward, while still employed by Youngevity, misappropriated Youngevity's highly confidential and proprietary trade secrets.

Plaintiffs also seek a punitive award of $500,000 or alternatively, leave to file a motion for attorneys' fees and costs including legal fees related to the filing of this motion and pursuit of third-party subpoenas.

**A. Adverse Inference Jury Instructions**

Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Kearnet v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (internal citations omitted). If a party breaches its duty to preserve evidence, the prejudiced party may petition the court to sanction the party destroying relevant evidence. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006) (citing to *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)). A federal trial court has the authority to sanction a party for spoliation of evidence under two sources of authority: (1) its inherent authority; and (2) Federal Rule of Civil Procedure 37. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Courts have sanctioned parties responsible for spoliation of evidence by either instructing the jury that it may draw an adverse inference to the party or witness responsible for destroying the evidence, excluding witness testimony based upon the destroyed evidence and proffered by the party responsible for the destruction, or dismissing the claim of the party responsible for destroying the evidence. *Id.*; *see also In re Napster, Inc.*, 462 F. Supp. 2d at 1066.

An adverse inference is an instruction to the trier of fact that evidence made unavailable by a party was unfavorable to that party. *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 563 (N.D. Cal. 2008). Generally, a party seeking such an instruction must establish that:

> (1) the party having control over the evidence had an obligation to preserve it; (2) the records were destroyed with a culpable state of mind;

and (3) the destroyed evidence was relevant to the party's claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Courts have interpreted the "culpable state of mind" element to include both bad faith and negligence. *Id.* at 108; *see also Unigard Sec. Ins. Co.*, 982 F.2d at 368, n.2 (rejecting a bad faith requirement and stating that willfulness or fault by the offending party is enough to exclude evidence); *Glover*, 6 F.3d at 1329 ("Surely a finding of bad faith will suffice, but so will simple notice of "potential relevance to the litigation." (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991))).

However, with respect to electronically stored information, as recently revised, Rule 37(e) governs. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment; *see also FiTeq Inc. v. Venture Corp.*, No. 13-cv-01946, 2016 U.S. Dist. LEXIS 60213, at *9–10 (N.D. Cal. Apr. 28, 2016); *Living Color Enters. v. New Era Aquaculture Ltd.*, No. 14-cv-62216, 2016 U.S. Dist. LEXIS 39113, at *11–12, n. 2 (S.D. Fla. Mar. 22, 2016); *but see Cat3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. Jan. 12, 2016) ("Thus, sanctions would be available under the court's inherent authority even if Rule 37(e) did not apply."); *Freidman v. Phila. Parking Auth.*, No. 14-6071, 2016 U.S. Dist. LEXIS 32009, at *23 (E.D. Pa. Mar. 10, 2016) (holding that litigation misconduct can otherwise be sanctioned by a court's inherent power even if the findings do not satisfy Rule 37(3)). In an effort to provide uniformity in federal courts when addressing the failure to preserve electronically stored information, Rule 37(e) "forecloses reliance on inherent authority or state law to determine when certain measures should be used." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. It now explicitly defines "measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures." *Id.* The Rule explicitly rejects case law which authorized giving adverse-inference instructions on a finding of negligence or gross negligence. Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment. The rule provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Therefore, because in deciding whether to impose sanctions the Court's inherent authority is foreclosed, the Court turns to Rule 37(e). For the reasons discussed below, the Court finds that an adverse instruction is not proper under this rule.

**1. Duty to Preserve**

First, as to Cloward's and Gardner's computer data, Plaintiffs have failed to establish that Defendants had a duty to preserve the data.

District courts in this Circuit have held that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). The duty to preserve attaches "when a party should have known that the evidence may be relevant to future litigation." *Id.* at 1068. "The future litigation must be 'probable,' which has been held to mean 'more than a possibility.'" *Id.*

Plaintiffs initiated this action on March 23, 2016. At the time Cloward and Gardner cleared the data on their Youngevity issued computers, in late October or early November 2015, litigation had not yet commenced and there is no evidence to demonstrate that future litigation should have been anticipated. Plaintiffs allege that Cloward and Gardner should have anticipated litigation because they conspired, along with others, to establish Wakaya and intentionally interfere with Youngevity's contractual relationships. However, the Court cannot make such a finding because it

would require that it accept Plaintiffs' allegations as true—facts that remain disputed and should instead be left for a jury to decide.

### 2. Loss of Information

Second, with regard to the remaining types of evidence, Plaintiffs have failed to establish that any information has been in fact lost. As to Pitcock's Facebook posts, Plaintiffs have failed to submit any evidence to demonstrate that Pitcock deleted any posts. Her testimony is that she cannot recall ever deleting Facebook posts. (ECF No. 194–2, 158–59.) Plaintiffs have also failed to submit any evidence demonstrating that any of Kolinski's personal emails were lost or destroyed. Indeed, Kolinski testified that he would provide his Comcast emails if asked for them. (ECF No. 194–2, 80–81.) With regard to Gardner, there is no evidence that the emails were lost. Plaintiffs have recovered 95 emails from Gardner's HM account dated between December 2, 2015 and March 12, 2016. (ECF No. 194–3, ¶ 5.) Plaintiffs do not argue or provide evidence as to why they were able to only recover some of Gardner's HM emails from Youngevity's own server. To the extent that Plaintiffs intend to ground this motion on the alleged destruction of unrecoverable emails, they have failed to provide the Court with evidence of their existence.

Finally, as to Randolph's Comcast emails, Plaintiffs have not demonstrated that the information cannot be found elsewhere. "Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere." Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment. Thus, the Rule only applies when such information is indeed lost. Here, Plaintiffs have not subpoenaed Comcast to explore whether Randolph's emails are recoverable.

### 3. Intent

Moreover, even if the Court were to find that the evidence, specifically Randolph's and Gardner's emails, is indeed lost, Plaintiffs have failed to demonstrate that Defendants acted with the intent to deprive them of the evidence as required by Rule 37(e)(2).

6

16-cv-704-BTM-JLB

Accordingly, the Court cannot award Plaintiffs adverse inference jury instructions. However, recognizing that Plaintiffs were prejudiced by the representations Defendants made to Magistrate Burkhardt, the Court grants Plaintiffs leave to subpoena Comcast and other third parties that they intended to subpoena but for Defendants' representations.

**B. Monetary Sanctions**

Under its inherent authority, a court may award sanctions in the form of attorney's fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons. *Leon*, 464 F.3d at 961. However, before awarding monetary sanctions, a court must make an express finding that the sanctioned party's behavior amounted to "bad faith." *Id.* A party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id*. Where the court finds a party has acted in bad faith, any award of attorney's fees must be reasonable. *Id*.

The Court denies Plaintiffs' request for punitive damages or leave to file a motion for attorney's fees and costs because the Court makes no finding of bad faith and $500,000 in punitive damages is unreasonable.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for sanctions (ECF No. 194) is **DENIED**. The Court grants Plaintiffs leave to issue subpoenas to Comcast and third parties for emails and Facebook posts that they would otherwise have subpoenaed but for Defendants' representations. Plaintiffs have 30 days to issue subpoenas and the subpoenaed parties will have 45 days to respond.

**IT IS SO ORDERED**.

Dated: December 4, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court