1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

YOUNGEVITY INTERNATIONAL
CORP., et al.,

12

Plaintiffs,

13

14

v.

TODD SMITH, et al.,

15

Defendant.

16

Case No.:  16-CV-704-BTM-JLB

**ORDER GRANTING
DEFENDANTS' AND
COUNTERCLAIMANTS'
MOTION TO AMEND [ECF No.
111]**

17

18

19

20

Pending before the Court is Defendants' and Counterclaimants' motion for leave to file a Second Amended Counterclaim ("SAC").  (Defs.' Mtn to Amend, ECF No. 111.)  For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

21

## I. BACKGROUND

22

23

24

Counterclaimants seek to amend the Counterclaim to add four additional former Youngevity distributors and Counterclaimants: (1) Maxandra Desrosiers; (2) Kurt Venekamp; (3) Teresa Venekamp; and (4) Five Point Consulting, Inc.

25

## II. STANDARD

26

27

28

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so

1  requires."  Id.  "Liberality in granting a plaintiff leave to amend is subject to the

2  qualification that the amendment not cause undue prejudice to the defendant, is

3  not sought in bad faith, and is not futile."  *Bowles v. Reade*, 198 F.3d 752, 757

4  (9th Cir. 1999).  Additionally, a court may consider the factor of undue delay.  *Id.*

5  at 757–58.

6      These factors are not given equal weight.  *Bonin v. Calderon*, 59 F.3d 815,

7  845 (9th Cir. 1995).  "Futility of amendment can, by itself, justify the denial of a

8  motion for leave to amend."  *Id.*  The test for futility is the same one used when

9  considering the sufficiency of a pleading under Rule 12(b)(6).  *Miller v. Rykoff-*

10  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

11  ### III. DISCUSSION

12      First, Counterclaim Defendants argue that the motion to amend should be

13  denied because the SAC is futile, renewing the arguments they made in their

14  motion to strike and/or dismiss.  The Court has already ruled on the sufficiency of

15  the First Amended Counterclaim in its order denying in part and granting in part

16  Counterclaim Defendants' motion to strike and/or dismiss.  Therefore, to the

17  extent the Court permits amending the Counterclaim, Counterclaimants must do

18  so in accordance with the findings of that order.

19      Second, Counterclaim Defendants argue that regardless of whether this

20  Court dismisses or stays counterclaims one through five, the Court should deny

21  the motion to amend because the claims asserted by the proposed

22  Counterclaimants are subject to arbitration.  However, it is unclear whether

23  Youngevity is moving to compel arbitration or instead seeks to merely keep the

24  proposed Counterclaimants out of this Court.  While at a first glance it appears

25  that Youngevity has not waived its right to arbitrate claims involving the proposed

26  Counterclaimants, it has not requested that the Court "direct such arbitration in

27  the manner provided for in such agreement."  9 U.S.C. § 4.  Youngevity instead

28  argues that "this Court should prohibit the proposed Counterclaimants from

16-CV-704-BTM-JLB

asserting those claims against Youngevity through the SAC." (Pls.' Opp'n to Defs.' Mtn. to Amend, ECF No, 119, 3.) Thus, the Court declines to construe Counterclaim Defendants' opposition as a motion to compel arbitration. *See Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 140 (2d. Cir. 2008) (declining to construe plaintiff's motion to dismiss as a motion to compel arbitration where it did not "frame its argument in terms of mandatory arbitration but in terms of judicial preclusion."); *see also Bombardier Corp. v. Amtrack*, 333 F.3d 250, 254 (D.C. Cir. 2003) (declining to treat defendant's 12(b)(6) motion to dismiss as a motion to compel arbitration because the defendant did not invoke the FAA's policy favoring enforceability of arbitration agreements and ask the Court to order arbitration). In absence of a sincere desire to compel arbitration, the amendments are not futile. Accordingly, the Court **GRANTS** Counterclaimants' motion to amend and add the proposed Counterclaimants.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Counterclaimants' motion to file an SAC (ECF No. 111). Counterclaimants are ordered to file their SAC within 14 days of entry of this order. Defendants shall have 30 days to respond to the SAC.

**IT IS SO ORDERED**.

Dated: December 13, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

16-CV-704-BTM-JLB