UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL, CORP., et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>         Defendants. | Case No.: 16-cv-704 BTM (JLB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM**<br><br>**[ECF No. 278]** |

Before the Court is Plaintiffs' Motion to Compel and for Attorney's Fees and Costs. (ECF No. 278.) Plaintiffs Youngevity International Corporation, et al. (Youngevity) seek to compel compliance with Rule 45 subpoenas *duces tecum* issued to experts retained by Wakaya Perfection, et al. (Wakaya). (*Id*. at 3.) Youngevity's motion to compel is **DENIED** because the parties failed to properly meet and confer prior to filing this motion and this Court does not have jurisdiction to compel Wakaya's experts to comply with the subpoenas.

## **BACKGROUND**

On or after September 26, 2017,[1] Youngevity provided Wakaya's counsel with six subpoenas for Wakaya's experts requesting the experts produce documents at their

---

[1] The declaration of Youngevity's counsel states that Youngevity sent the notices of deposition and subpoenas on September 26, 2017 (ECF No. 278-1 at ¶ 3); however, some of the notices of deposition and subpoenas are dated October 4, 2017 and October 13, 2017. (ECF No. 278-2 at 24, 26, 57, 58.)

depositions. (ECF No. 278-1 at ¶ 3.)[2] The parties dispute whether this constituted proper service of the subpoenas. The subpoenas required Wakaya's experts to appear for depositions and produce documents in Chicago, IL (ECF No. 278-2 at 26); Salt Lake City, UT (*id*. at 42, 90); Bloomington, IN (*id*. at 58); Baltimore, MD (*id*. at 74); and Boston, MA (*id*. at 106). Every subpoena was issued from this Court by Youngevity's counsel. (*Id*. at 26, 42, 58, 74, 90, 106.) In the instant motion, Youngevity argues that the experts failed to produce all of the documents it requested and seeks an order compelling Wakaya's experts to produce all documents responsive to the subpoenas. (ECF No. 278 at 12.)

## DISCUSSION

Youngevity's motion is denied as procedurally improper because (i) the parties failed to satisfy their meet and confer obligations, and (ii) Youngevity does not identify an appropriate source of authority for the relief it seeks from this Court.

**A. Failure to Properly Meet and Confer**

Youngevity filed this motion before the parties had fulfilled their meet and confer obligations. This failure is evidenced by the fact that neither party can identify what documents Youngevity seeks. The Local Rules require parties to meet and confer prior to filing discovery motions. CivLR 26.1. Judge Burkhardt's Civil Chamber Rules (Chambers Rules) further provide that "[t]he Court will not address discovery disputes until counsel have met and conferred to resolve the dispute." Chambers Rules at Section IV.A. Chambers Rules also require that every discovery motion be accompanied by a declaration of compliance stating that the parties' satisfied their meet and confer obligations prior to filing. *Id*. at Section IV.D.

Youngevity filed the instant motion before the parties' meet and confer efforts concluded and without including the required declaration of compliance. Youngevity argues that the parties met and conferred on the production of documents requested in

---

[2] The subpoenas were issued to Anne T. Coughlan, Richard S. Hoffman, Timothy Fort, Thomas J. Maronick, Joshua Plant, and Richard Taylor. (ECF No. 278-2 at 26, 42, 58, 74, 90, 106.)

2

Youngevity's subpoenas to Wakaya's experts and had almost reached an agreement when Wakaya informed Youngevity, on November 7, 2017, that it was not accepting service of the subpoenas on behalf of its experts. (ECF No. 278 at 3.) The record makes clear, however, that the parties did not know at that time, and still do not know, what responsive and discoverable documents Youngevity maintains exist but have not been produced.

Wakaya asserts that the meet and confer process was not completed before Youngevity contacted the Court for a briefing schedule and that Wakaya does not know what documents Youngevity seeks. (ECF No. 282 at 3.) Wakaya states that "if Plaintiffs are willing to articulate exactly what documents they believe were not produced for each of Wakaya's experts, Defendants will request those documents from their experts to the extent that the documents are not protected under Rule 26 and are within the experts' custody and control." (*Id*. at 6.) Indeed, Wakaya asked Youngevity the same question the day Youngevity filed the instant motion.[3] Wakaya states that Youngevity identified the billing records of their expert Richard Hoffman for the first time in the instant motion, and had Youngevity requested these documents in the meet and confer process, Wakaya would have asked Mr. Hoffman to produce these documents. (*Id*. at 6.) Following the filing of Youngevity's motion, on November 28, 2017, Wakaya provided Youngevity with the billing records for all of its experts. (ECF No. 284-1 at 4.)

Youngevity's motion does not identify which specific documents, or categories of documents, it seeks. (*See* ECF Nos. 278, 284.) Instead, Youngevity copied every request for production in the subpoenas at issue into its motion and simply asserts that Wakaya's

---

[3] The day Youngevity contacted the Court to request a briefing schedule, counsel emailed Wakaya and asked whether Wakaya would be providing responsive documents. (ECF No. 278-2 at 187.) Wakaya responded that it understood that everything its experts relied upon had been produced and asked, "Can you tell us exactly what you think is missing from each expert?" (*Id*.) Youngevity responded that it was "the experts' obligation to review the subpoena and compile all responsive documents," restated every request for production in the subpoenas, and otherwise refused to identify any categories of documents it sought. (*Id*. at 187-88.) Within hours of sending this email, and before Wakaya responded, Youngevity contacted the Court to request a briefing schedule. (*Id*.)

experts only produced "a small subset of the subpoenaed documents." (ECF No. 278 at 7.) Youngevity does not identify which requests for production Wakaya's experts failed to produce–except the single example of the billing records of Mr. Hoffman–or what "subset" of documents was produced. (*Id*. at 7, 10.) In its reply brief, Youngevity argues that it "cannot provide precise descriptions of documents it does not possess and has not seen." (ECF No. 284 at 4.)

On the record before the Court, it is not clear how the blame for the parties' failure to meaningfully meet and confer in this instance should be apportioned. Youngevity engaged in the kind of troubling conduct that both parties have practiced in this case—issuing an ultimatum and requiring the opposing party to respond within hours under threat of seeking court intervention. (*See* ECF No. 278-2 at 187.) Within hours of sending an email to Wakaya demanding a response, and having received none, Youngevity requested a briefing schedule for the instant motion. Regardless of which party should shoulder the blame for the current failure to meaningfully meet and confer, the record makes clear that the parties failed to fulfill their obligations before filing this motion. The parties' recurring failure to satisfy their meet and confer obligations prior to filing motions or contacting chambers, among other patience-trying practices, has strained this Court's resources. (*See* ECF No. 277 at 2) ("[T]he Court's time to review this action's continuous flow of motions is limited by its obligations to other cases.") Counsel for all parties is reminded that the "Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process." Chambers Rules at Section IV.A. [4]

///

---

[4] In addition to the failure to complete the meet and confer process before filing this motion, Youngevity also failed to address the timeliness of its motion under Chambers Rules. From the record, it appears that Youngevity initiated the meet and confer process after the deadline for doing so had already passed as to one or more of the subpoenas, and also requested an extension of this deadline without informing the Court that the deadline had already passed for multiple subpoenas.

4

16-cv-704 BTM (JLB)

**B. Failure to Identify a Proper Source of Authority for Relief**

In addition to denying this motion due to the parties' failure to fulfill their meet and confer obligations, the Court denies Youngevity's motion because it fails to identify a rule of civil procedure, or other source of authority, that supports its request for relief from this Court. The appropriate basis for a motion to compel documents requested pursuant to a subpoena issued to a third party is Rule 45. Rule 45 governs subpoenas *duces tecum* for the production of documents with or without the taking of a deposition. Fed. R. Civ. P. 45. Rule 45(d) provides that if the person subject to a subpoena objects, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B). Rule 45(g) provides that the "court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or order related to it." Fed. R. Civ. P. 45(g).

Rule 45 was substantially amended in 2013. Subdivision (c) now specifies the place of compliance for a subpoena commanding production of documents must be within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2). This requirement "makes clear that the place of compliance is tethered to the location of the subpoenaed person." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *9 (D. Nev. Aug. 15, 2014).

"As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, No. SAMC1500022DOCDFMX, 2015 WL 12746706, at *2 (C.D. Cal. Oct. 23, 2015) (quoting *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D.

405, 406 (N.D. Ala. 2014)).  Absent a transfer,[5] only a court in the district of the place of compliance has jurisdiction to compel compliance, or modify or quash a subpoena.  *See Montgomery v. Risen*, No. 15-CV-02035-AJB-JLB, 2015 WL 12672825, at *1 (S.D. Cal. Nov. 5, 2015) ("The Court lacks the jurisdiction under the Federal Rules of Civil Procedure to enforce the subpoena because it is not the court where compliance is required."); *Sandifer v. Hoyt Archery, Inc.*, No. 12cv322, 2014 WL 3540812, at *4 (M.D. La. July 17, 2014) ("Any motion . . . to compel Mr. Ragsdale's compliance with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required."); *Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *9 (court did not have jurisdiction of subpoena-related motions when place of compliance was outside of court's district).

The subpoenas at issue identify the places of compliance as Chicago, IL (ECF No. 278-2 at 26); Salt Lake City, UT (*id*. at 42, 90); Bloomington, IN (*id*. at 58); Baltimore, MD (*id*. at 74); and Boston, MA (*id*. at 106).[6]  None of these cities is within this district. Accordingly, this Court lacks jurisdiction to enforce the subpoenas under Rule 45.[7]

Youngevity states that it is seeking "to compel Wakaya and its experts to produce withheld documents pursuant to Rule 37."  (ECF No. 284 at 4.)[8]  Rule 37(a) is a procedural

---

[5] The 2013 amendment also added subdivision (f) to the rule.  *Id*.  Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."

[6] The subpoenas require the experts to appear at the above locations for depositions and bring the documents requested to the deposition location.  (ECF No. 278-2 at 26, 42, 58, 74, 90, 104.)

[7] Youngevity argues that this Court has jurisdiction to compel production of the documents because it has personal jurisdiction over Wakaya's experts.  (ECF No. 284 at 5.)  Personal jurisdiction is a separate inquiry.  Regardless of whether this Court has personal jurisdiction over Wakaya's experts, the Court does not have jurisdiction to enforce the subpoenas.

[8] Youngevity cites *Witman v. Knight Transportation, Inc.*, No. 3:15-CV-01102-H-NLS, 2016 WL 8715668, at *2 (S.D. Cal. Nov. 21, 2016) and *Merancio v. Smith & Nephew, Inc.*, No. 115CV00807DADEPG, 2017 WL 2257124, at *5 (E.D. Cal. May 23, 2017) for this proposition.  The

6

vehicle that allows a party to seek an order compelling the production of specifically delineated things: (i) disclosures required by Rule 26(a); (ii) answers to questions asked of a deponent under Rule 30 or 31; (iii) designation by a corporation or other entity under Rule 30(b)(6) or 31(a)(4); (iv) answers to Rule 33 interrogatories propounded on another party; or (v) production of documents pursuant to a Rule 34 request. Fed. R. Civ. P. 37(a)(3). Youngevity does not explain, nor is it otherwise apparent to the Court, how the subpoenaed documents fall into any of the categories Rule 37(a) identifies.

Moreover, and equally fatal to Youngevity's reliance on Rule 37 to achieve its objectives, Rule 37(a)(2) states, "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." As stated above, Youngevity seeks documents from six experts deposed in multiple cities across the country. Youngevity's subpoenas were issued by this Court, but identify the places of compliance as Chicago, IL (ECF No. 278-2 at 26); Salt Lake City, UT (*id*. at 42, 90); Bloomington, IN (*id*. at 58); Baltimore, MD (*id*. at 74); and Boston, MA (*id*. at 106). Even assuming there were an appropriate motion to be brought under Rule 37, it would need to be brought in the court(s) where the discovery was taken. *Wattree v. Cates*, No. EDCV 14-219-JGB (KK), 2015 U.S. Dist. LEXIS 75351, at *3 (C.D. Cal. June 10, 2015) (denying motion to compel nonparty to respond to subpoena because discovery was taken outside of district); *Medtronic Sofamor Danek USA, Inc et al v. Nuvasive, Inc.*, No. 8-cv-01512-CAB-MDD (S.D. Cal. May 2, 2011) (same).

///
///
///
///

---

parties in *Wittman* and *Merancio* challenged the opposing party's Rule 26(a) expert disclosures, but Youngevity is not challenging the sufficiency of Wakaya's 26(a) disclosures here. (*See* ECF No. 284 at 4.) The cited cases also relate to relief not requested here—the exclusion of evidence under Rule 37(c)(1).

7

# CONCLUSION

Youngevity's motion is **DENIED** as procedurally improper for the reasons stated above.[9] Youngevity's request for fees and costs associated with the filing of this motion (ECF No. 278 at 9) is also **DENIED**.

**IT IS SO ORDERED.**

Dated: December 15, 2017

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[9] Youngevity also requests that if the Court finds that Youngevity failed to properly serve the subpoenas, that it be granted leave to serve the subpoenas on the experts. (ECF No. 278 at 11.) The Court does not consider this request as any issues related to the propriety of service should only be addressed by the court with jurisdiction to entertain the motion to compel.