UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL, INC. AND JOEL D. WALLACH,<br><br>Plaintiffs,<br><br>v.<br><br>TODD SMITH et al.,<br><br>Defendants.<br>_____<br><br>AND RELATED COUNTER ACTION. | Case No.: 16-cv-704 BTM (JLB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF TIMOTHY L. FORT AND DENYING DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY**<br><br>**ECF NOS. 294, 306, 310, 311, 312, 313, 314, 315, 318** |

On December 6, 2017, Plaintiffs filed a motion to exclude the expert testimony of Timothy L. Fort. (ECF No. 294). Defendants also filed eight motions to exclude the expert testimony of Dr. Philip Michael Bolger (ECF No. 306), Robert Geary (ECF No. 310), Dr. Michael John Glade (ECF No. 311), Dr. Samuel N. Grief (ECF No. 312), Dr. Edward M. Mazze (ECF No. 313), Dr. Arthur J. Miller (ECF No. 314), Dr. David Stewart (ECF No. 315), and Brian Bergmark (ECF No. 318). For the reasons below, the Court grants Plaintiffs' motion to exclude Timothy L. Fort and denies Defendants' motions.

1

I.  **STANDARD**

Federal Rule of Evidence 702 permits expert testimony if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, expert testimony must be both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). The trial court must act as a "gatekeeper" to exclude expert testimony that does not meet Rule 702's reliability standards. *Kumho Tire*, 526 U.S. at 147-48.

With respect to relevance, there must be a "valid scientific connection to the pertinent inquiry" in order for Rule 702's "helpfulness" standard to be met. *Daubert*, 509 U.S. at 592. As for reliability, the Court must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology can be applied to the facts in issue. *Id. at* 592-93. In *Daubert*, the Supreme Court listed several factors that may be pertinent in assessing reliability: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94.

The inquiry under Rule 702 is a "flexible" one, and the district court has "the discretionary authority . . . to determine reliability in light of the particular facts and circumstances of the particular case." *Kumho Tire*, 526 U.S. at 158. Accordingly, the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the

subject of his testimony. *Id.* at 150.

Importantly, the focus of the court's gatekeeping inquiry "must be solely on principles and methodology, not the conclusions that they generate." *Daubert*, 509 U.S. at 595. "When an expert meets the threshold established by Rule 702 . . . the expert may testify and the jury decides how much weight to give that testimony." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

## II. DISCUSSION

### A. Robert Geary and Timothy L. Fort

Plaintiffs have withdrawn Robert Geary as an expert witness. (ECF No. 385 at 1). Therefore, Defendants' motion to exclude his testimony is denied as moot.

Defendants have offered Timothy L. Fort as an expert witness "to respond to the expert witness report provided by Mr. Robert F. Geary . . . and to testify regarding the nature of fiduciary duty related to defendant William Andreoli." (ECF No. 294, Exh. B at 2). On the topic of fiduciary duty, Fort's testimony addresses whether Andreoli complied with Delaware and California law with respect to the duty of care and duty of loyalty, and whether Andreoli breached any contractual duties under California law. *Id.* at 2-3. To the extent that Fort's testimony rebuts the testimony of Geary, it is precluded. *See Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *27 (C.D. Cal. Mar. 7, 2011) ("Because the testimony [the expert] was hired to rebut will not be offered, [the expert] may not testify."). To the extent that Fort's testimony concludes that Andreoli complied with California and Delaware law, it is also precluded. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.") (internal citations and quotations omitted). Therefore, Plaintiffs' motion to exclude the testimony of Timothy L. Fort is granted.

**B. Dr. Samuel N. Grief, Dr. Michael John Glade, Dr. Arthur J. Miller, and Dr. Philip Michael Bolger**

Defendants seek to exclude, in their entirety, the testimony of Dr. Samuel N. Grief, who evaluated the scientific validity of weight loss claims for Wakaya's ketogenic diet program (*see* ECF No. 312-3, Exh. A), Dr. Michael John Glade, who examined Wakaya's claims about Octodrine in its dietary supplement product as well as Wakaya's claims about the health benefits of ginger and turmeric (*see* ECF No. 311-3, Exh. A), Dr. Arthur J. Miller, who evaluated the food safety risk of Wakaya's products containing ginger (*see* ECF No. 314-3, Exh. A), and Dr. Philip Michael Bolger, who evaluated the risks of lead and arsenic exposure from products containing bentonite clay (*see* ECF No. 306-3, Exh. A). Defendants challenge all four experts on essentially the same two grounds: (1) the expert's testimony did not provide affirmative evidence that Wakaya's statements were false or misleading, and (2) the expert relied on incomplete information in forming his opinion. (*See* ECF No. 312-2 at 1; ECF No. 311-2 at 1; ECF No. 314-2 at 1; ECF No. 306-2 at 1). Both grounds are insufficient to warrant exclusion. The first ground improperly challenges the conclusions of the experts rather than their principles and methodology. *See Daubert*, 509 U.S. at 595 (the focus of the court's gatekeeping inquiry "must be solely on principles and methodology, not the conclusions that they generate"). The second ground goes to the weight and credibility of the expert's testimony rather than its admissibility. *See Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 n.5 (9th Cir. 1987) ("The relative weakness or strength of the factual underpinnings of the expert's opinion goes to weight and credibility, rather than admissibility.") (internal quotation omitted). Therefore, Defendants' motions to exclude the testimony of Dr. Samuel N. Grief, Dr. Michael John Glade, Dr. Arthur J. Miller, and Dr. Philip Michael Bolger are denied.

**C. Dr. David Stewart**

Defendants seek to exclude the testimony of Dr. David Stewart, who

designed a research study to evaluate consumers' perceptions of claims on Wakaya's website. (*See* ECF No. 315-3, Exh. A at 5). Defendants' first ground for exclusion rests on Stewart's characterization that Wakaya's income claims "lack substantiation," which does not prove that the claims are false or misleading. *See id.* at 2. As explained above, this is an improper challenge to an expert's conclusions rather than to his principles and methodology. *See Daubert*, 509 U.S. at 595. Defendants' second ground for exclusion challenges the resulting data from Stewart's consumer survey. (*See* ECF No. 315-2 at 4). This objection does not go to admissibility. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002) ("objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility. Vigorous cross-examination of a study's inadequacies allows the jury to appropriately weigh the alleged defects and reduces the possibility of prejudice") (internal citations omitted). Therefore, Defendants' motion to exclude the testimony of Dr. David Stewart is denied.

### D. Dr. Edward M. Mazze

Defendants seek to exclude the testimony of Dr. Edward M. Mazze, who "evaluate[d] Wakaya Perfection's multi-level marketing program and provid[ed] an opinion as to whether or not the program [was] a pyramid and endless chain scheme." (ECF No. 313-3, Exh. A at 2). Defendants argue that Mazze's testimony is an impermissible legal conclusion and that he relied on an incorrect legal standard. (*See* ECF No. 313-2 at 2). Mazze's expert report describes what characteristics of Wakaya's multi-level marketing program match characteristics of a pyramid scheme. (*See* ECF No. 313-3, Exh. A). This is permissible testimony. *See F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) (affirming district court's admission of expert testimony where expert "testified about whether [defendant] was a pyramid"). Further, Mazze's report includes the correct criteria of the Federal Trade Commission's test for what constitutes a pyramid scheme.

1  *See Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 781 (9th Cir. 1996) ("payment by participants of money to the company in return for which they receive (1) the right to sell a product and (2) the right to receive in return for recruiting other participants into the program rewards which are unrelated to sale of the product to ultimate users"); ECF No. 313-3, Exh. A at 7. Therefore, Defendants' motion to exclude the testimony of Dr. Edward M. Mazze is denied.

### E.    Brian Bergmark

Defendants seek to exclude the testimony of Brian Bergmark, who calculated damages using a lost-profit analysis and a marketing-cost analysis.[1] Defendants object to the underlying facts that Bergmark's analysis relied upon. (*See* ECF No. 318-2). Bergmark's report lists the specific financial documents he examined and explains his calculation method. (*See* ECF No. 318-3, Exh. 2). For example, Bergmark calculated lost profits using Youngevity's historical quarterly and annual sales in its direct selling segment, Youngevity's forecasted and actual revenues, combined annual sales experienced by some of the key distributer groups, and financial data from Wakaya, such as sales and sources of revenue. (*See* ECF No. 318-3, Exh. 2 at 7-8). Bergmark's lost profit damages are supported by "substantial evidence." *See Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001) ("We uphold awards of lost profit damages so long as they are supported by substantial evidence."); *In re James E. O'Connell Co., Inc.*, 799 F.2d 1258, 1262 (9th Cir. 1986) (declining to overturn lost profit award based on expert testimony supported by financial statements, data pertaining to similar businesses, and market forecasts). Defendants' objections go to the weight and credibility of the

---

[1] Defendants also seek to exclude Bergmark's Supplemental Report as untimely. (*See* ECF No. 318-2 at 4). Defendants' rebuttal expert, Richard S. Hoffman, reviewed Bergmark's supplemental report, sat in on Bergmark's deposition, and subsequently submitted his own supplemental report. (*See* ECF No. 369, Exh. D at 70-72). There is no prejudice here. *See Celador Int'l, Ltd. v. Walt Disney Co.*, 2008 WL 11342595, at *8 (C.D. Cal. Dec. 17, 2008) ("a supplemental report, and the testimony thereon, should be excluded only if there is prejudice to the opposing party") (citing *Wendt v. Host International, Inc*, 125 F. 3d 806 (9th Cir. 1997)).

testimony rather than its admissibility. *See Humetrix*, 268 F.3d at 919 ("To the extent [defendant] sought to challenge the correctness of [plaintiff's] experts' testimony [on lost profits], its recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses."); *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1192 (9th Cir. 2000) ("Weighing the credibility of conflicting expert witness testimony is the province of the jury."). Therefore, Defendants' motion to exclude the testimony of Brian Bergmark is denied.

### III. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to exclude the expert testimony of Timothy L. Fort (ECF No. 294) and DENIES Defendants' motions to exclude the expert testimony of Dr. Philip Michael Bolger (ECF No. 306), Robert Geary (ECF No. 310), Dr. Michael John Glade (ECF No. 311), Dr. Samuel N. Grief (ECF No. 312), Dr. Edward M. Mazze (ECF No. 313), Dr. Arthur J. Miller (ECF No. 314), Dr. David Stewart (ECF No. 315), and Brian Bergmark (ECF No. 318).

The Court limits its ruling to the consideration of the expert evidence on the 35 pending motions for summary judgment. If the expert is to actually be called as a witness at trial, a party may use one of its allotted motions *in limine* to seek an evidentiary hearing seeking to exclude the expert's testimony.

IT IS SO ORDERED.

Dated: February 13, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court