UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, et al., Plaintiff, v. Todd Smith, et al., Defendant. | Case No.: 16-CV-704-BTM-JLB **ORDER GRANTING MOTION FOR PARTIAL STAY [ECF No. 412]** |

On January 4, 2018, Plaintiffs and Counterclaim Defendants Youngevity International, Inc., Steve Wallach, Michelle Wallach, Dave Briskie, and Dr. Joel D. Wallach (collectively "Counterclaim Defendants") filed a motion for a partial stay of the proceedings pending their interlocutory appeal of this Court's December 13, 2017 decision. (ECF No. 412) The Court grants the motion to stay for the reasons discussed below.

**DISCUSSION**

Both parties agree that under California law, an appeal of a denial of an anti-SLAPP motion automatically stays further trial court proceedings on causes of action related to the motion. *Varian Med. Sys. v. Delfino*, 35 Cal.4th 180, 186 (2005). However, there is no automatic stay for "ancillary or collateral matters which do not affect the judgment or order on appeal even though the

proceedings may render the appeal moot." *Makaeff v. Trump Univ., LLC*, 10-cv-940-IEG, 2011 WL 613571, at *2 (S.D. Cal. Feb. 11, 2011) (citing *Varian Med. Sys.*, 35 Cal.4th at 191). Thus, the Court grants Counterclaim Defendants' motion and hereby immediately stays counterclaims six, seven, nine, ten, eleven, and twelve. As to the remaining counterclaims and affirmative causes of action, Counterclaim Defendants are not entitled to an automatic stay because they are not subject to an anti-SLAPP appeal.

Nevertheless, it remains within the Court's discretion to grant a stay for the remaining claims. *See Leyva v. Certified Grocers of Ca., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). While the filing of an interlocutory appeal does not automatically stay the proceedings, a district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva*, 593 F.2d at 863.

Counterclaim Defendants urge the Court to stay the remaining counterclaims, or at the very least, counterclaims one through four which are also at issue in the interlocutory appeal because they are allegedly subject to arbitration. The Ninth Circuit's ruling may have a significant effect on this Court's disposition of those counterclaims and a stay may save the Court and the parties from unnecessary litigation. Additionally, because an interlocutory appeal is already pending, the Court does not find that a stay of claims one through four would cause Counterclaimants any prejudice. Accordingly, the Court grants Counterclaim Defendants an immediate stay of claims one through four.

The Court will rule on the remaining motions for summary judgment for Plaintiffs' and Counterclaim Defendants' affirmative claims and counterclaims eight and thirteenth. However, pursuant to this Court's power to control its own

docket and with considerations of judicial economy in mind, the Court will then stay the entire case until the Ninth Circuit's resolution so that all causes of action proceed to trial together. *See Leyva*, 593 F.2d at 864.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' and Counterclaim Defendants' motion for a partial stay of the proceedings. (ECF No. 412.) The motions for summary judgment for counterclaims one through four, six, seven, and nine through twelve are **DENIED** as premature, as well as the related *Daubert* motions. (ECF Nos. 418–419, 421–431, 433, 435, 437–438, 441, 444–445.) The parties are granted leave to resubmit their motions depending on the judgment of the Ninth Circuit. Within thirty days of the Ninth Circuit's resolution of the appeal, the parties shall file a joint status report informing the Court of the status of this matter.

**IT IS SO ORDERED**.

Dated: July 16, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court