UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL CORP., et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-cv-704-BTM-JLB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS AND COMPEL ARBITRATION [ECF NO. 410]** |
| Wakaya Perfection, LLC, et al.,<br><br>　　　　　　　　　　Counter Claimants,<br><br>v.<br><br>Youngevity International Corp.<br><br>　　　　　　　　　　Counter Defendants. | |

Presently before the Court is Plaintiffs' and Counterclaim Defendants' motion to dismiss and compel arbitration against Counterclaimants Maxandra Desrosiers, Kurt Venekamp, Theresa Venekamp, and Five Points Consulting. (ECF No. 410.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion.

//

1

# I. BACKGROUND

On April 21, 2017, Counterclaimants moved for leave to add four former Youngevity distributors as counterclaimants: (1) Maxandra Desrosiers; (2) Kurt Venekamp; (3) Theresa Venekamp; (4) and Five Points Consulting. On May 26, 2017, Counterclaim Defendants opposed the motion, arguing that it was futile because the proposed counterclaimants were subject to arbitration agreements. However, because it was unclear whether Counterclaim Defendants had a sincere desire to compel arbitration or just preclude the proposed counterclaimants from litigating their claims, the Court declined to construe the opposition as a motion to compel arbitration and granted Counterclaimants leave to amend on December 13, 2017. On January 3, 2018, Counterclaim Defendants formally moved the Court to dismiss and compel arbitration. The Court addresses each parties' arguments below.

# II. DISCUSSION

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement. 9 U.S.C. § 4. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Thus, arbitration agreements "must be enforced, absent a ground for revocation of the contractual agreement." *Id.* A court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Counterclaim Defendants move to dismiss and compel the four former distributor

Counterclaimants to arbitrate claims they argue arise out of binding distributor agreements. Each Distributor Agreement contains an arbitration provision that states:

> In the event of a dispute with the Company, Distributor and the Company agree to participate in mediation in an earnest attempt to resolve the dispute prior to submitting it to binding arbitration pursuant to the Commercial Arbitration Rules then in effect of the American Arbitration Association, provided, however, that injunctive relief sought by the Company against any party shall be excluded from this clause. Such Arbitration shall occur in San Diego, California. Louisiana Distributors, however, may arbitration in New Orleans, Louisiana.

(CC, Ex. A, § J9.)

Counterclaimants oppose this motion and argue that Counterclaim Defendants have waived their right to arbitrate. In the Ninth Circuit, "[t]he party arguing waiver of arbitration bears a heavy burden of proof." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (internal citations omitted). To carry this burden, the opposing party must show that the other party (1) had knowledge of the right to compel arbitration; (2) acted inconsistently with that right; and (3) resulting prejudice. *Id.* Here, there is no dispute that Counterclaim Defendants had knowledge of their right to compel arbitration. As such, the Court will focus on the second and third elements.

As to the second element, the Court finds that Counterclaim Defendants did not act inconsistently with their arbitration rights. The Court, out of an abundance of caution, declined to construe Counterclaim Defendants' opposition as a motion to compel arbitration because it was unclear whether they held a sincere interest in seeking arbitration. Counterclaimants argue that at that point, Counterclaim Defendants should have instead sought to compel arbitration and their failure to do so is inconsistent with an intent to arbitrate. Nevertheless, whatever doubts the Court held were dispelled when Counterclaim Defendants filed the instant motion. While there is "no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate," seeking an order from the Court compelling arbitration only a few weeks after the former distributor were granted leave to join as counterclaimants is not inconsistent

with a right to arbitrate. *See Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016).

Counterclaimants also argue that Counterclaim Defendants have acted inconsistently with the right to compel arbitration because they have continued to conduct discovery, including taking the depositions of Desrosiers and the Venekamps, even after April 21, 2017. Counterclaim Defendants, on the other hand, argue that they have not acted inconsistently because they merely sought discovery on non-arbitrable claims. There is no denying that because of the nature of the claims, the discovery requests and depositions produced information relevant to the former distributor Counterclaimants' claims. However, Counterclaim Defendants still had to defend themselves against all the other Counterclaimants who were not subject to arbitration agreements. The action would have proceeded as the discovery they sought was relevant to the pre-existing case regardless of whether the former distributor Counterclaimants would eventually join the action. As such, conducting discovery on pre-existing claims is not an act that is inconsistent with an intent to arbitrate. *See Conde v. Open Door Marketing, LLC*, 15-cv-04080-KAW, 2017 WL 5172271, at *6 (N.D. Cal. Nov. 8, 2017) ("Thus, to the extent that Defendant 2020 participated in discovery and case management, those actions were necessitated by a suit that would have proceeded regardless of the outcome of a motion to compel arbitration."). Moreover, though Counterclaim Defendants did eventually assert claims against Desrosiers and Mr. Venekamp, they explicitly stated that they did not intend to waive their right to arbitration and only pled in the alternative.

As to the third element, the Court finds that Counterclaimants have not met their burden of establishing prejudice. "[I]n order to establish prejudice, the plaintiffs must show that, as a result of the defendants having delayed seeking arbitration, they have incurred costs they would not otherwise have incurred . . . or that the defendants have received an advantage from litigating in federal court that they would not have received in arbitration." *Id*. Here, Counterclaimants did not incur unnecessary expenses because Counterclaim Defendants would have subpoenaed and deposed Desrosiers and the Venekamps regardless of whether Counterclaim Defendants pursued arbitration sooner

because the information they sought was relevant to the operative pleadings. As such, Desrosiers and the Venekamps did not incur unnecessary expenses and they cannot sufficiently establish prejudice from engaging in discovery in relation to the non-arbitrable claims. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986). Additionally, Counterclaimants have not shown how Five Point Consulting has suffered prejudice. Accordingly, the Court finds that Counterclaim Defendants have not waived their right to arbitration. The Court grants the motion to dismiss and compel arbitration.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' and Counterclaim Defendants' motion to dismiss and compel arbitration. (ECF No. 410.) Upon granting a motion to compel arbitration, a court must issue an "order directing the parties to proceed to arbitration in accordance with the terms of the [arbitration] agreement." 9 U.S.C. § 4.

Counterclaimants Maxandra Desrosiers, Kurt Venekamp, Theresa Venekamp, and Five Points Consulting and Counterclaim Defendants shall proceed to arbitration in accordance with the terms of their arbitration agreements. Further, because Plaintiffs only pled counterclaims against Maxandra Desrosiers and Kurt Venekamp in the alternative, the Court hereby dismisses those counterclaims as the Court has granted Plaintiffs' motion to dismiss and compel arbitration.

**IT IS SO ORDERED**.

Dated: July 18, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court