UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>        Defendants. | Case No.: 16-CV-704-BTM-JLB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' SECOND CAUSE OF ACTION [ECF No. 299]** |

Presently before the Court is Defendants' motion for summary judgment as to Plaintiffs' second cause of action for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. (ECF No. 299 ("Defs.' MSJ II").) For the reasons discussed below, the Court denies Defendants' motion for summary judgment as to Plaintiffs' second cause of action.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing

substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary

judgment." *Anderson*, 477 U.S. at 255.

## II. DISCUSSION

Defendants move for summary judgment as to Plaintiffs' second cause of action for violations of the UCL.

"The purpose of the UCL is to protect both consumers and competitors by promoting fair competition in commercial maters for goods and services." *Furell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 690 (2010) (internal citations omitted). The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability." *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). Its coverage is broad and sweeping, and embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539 (1999). "By proscribing 'any unlawful' business practice, 'section 17200 borrows violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Id.* At 539-40 (quoting *State Farm Fire & Casual Co. v. Superior Court*, 53 Cal. Rptr. 2d 229, 234 (1996)).

A plaintiff injured by a violation of the UCL may only seek restitution and injunctive relief. *See* Cal. Bus. & Prof. § 17203. A plaintiff bears the burden of establishing that she has standing for each type of relief sought. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Standing under the UCL is substantially narrower than federal standing under Article III, section 2 of the U.S. Constitution. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886 (2011). Under the UCL, only a plaintiff who has suffered an injury in fact and has lost money or property as a result of unfair competition has standing to bring an action for relief. *Id.* at 884; Cal. Bus. & Prof. § 17204. To satisfy this standing requirement, the

California Supreme Court requires a plaintiff to "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. *economic injury*, and (2) show that the economic injury was the result of, i.e., caused by the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp.*, 246 P.3d at 885. Where a plaintiff alleges fraudulent business practices, the UCL's standing requirement imposes an actual reliance requirement on named plaintiffs seeking relief under the fraudulent prong. *Morgan v. AT&T Wireless Servs., Inc.*, 99 Cal. Rptr. 3d 768, 786 (2009).

Defendants move for summary judgment on Plaintiffs' entire UCL claim on two grounds. First, relying on a series of consumer cases, Defendants argue that Plaintiffs lack statutory standing under the UCL because they have not set forth evidence of "actual reliance" on Wakaya's alleged misrepresentations. Defendants contend that despite pleading the claim under the UCL's unlawful prong, Plaintiffs' UCL claim is in fact premised on a theory of fraud because the unlawful conduct they complain of is misrepresentation. Plaintiffs respond that their UCL claim is one based on violations of law, not on misrepresentations. The Court agrees with Defendants. Plaintiffs allege that Wakaya violated the UCL by: (1) operating an unlawful endless chain scheme in violation of California Penal Code section 327; and (2) selling misbranded and adulterated foods and dietary supplements in violation of several California Health and Safety Codes. (Fourth Am. Compl. ("FAC"), ECF No. 269, ¶¶ 188–209.) Both of Plaintiffs' sub-claims are grounded in fraud, as they are effectively complaining of Wakaya misleading future distributors about earning potential and misleading consumers by selling misbranded and adulterated products. *Jones v. Nutiva, Inc.*, No. 16-cv-00711-HSG, 2016 U.S. Dist. LEXIS 129898, at *21–22 (N.D. Cal. Sept. 22, 2016) ("Plaintiff must plead actual reliance to support a cognizable misbranding claim under the UCL."). Nevertheless, Plaintiffs argue that they do not need to

4

prove "actual reliance" because it is a consumer standard that does not apply to competitor cases. The Court agrees.

Defendants fail to cite any case that applies the "actual reliance" standard within the context of a competitor case. Indeed, both California and federal courts have held that competitor-plaintiffs have standing to pursue a claim for relief under the UCL as long as they can demonstrate some specific, identifiable injury, even if they do not plead "actual reliance." *See Law Offices of Mathew Higbee v. Expungement Assistance Servs.*, 153 Cal. Rptr. 3d 865, 879 (2013) (holding that a plaintiff-competitor, who alleged loss of market share and increased advertising costs, had sufficiently alleged "an identifiable trifle of injury" to satisfy standing under the UCL); *Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1382 (Fed. Cir. 2011) (holding that allegations of "lost sales, revenue, market share, and asset value" satisfied the standing requirements of the UCL where the plaintiff was a competitor alleging misbranding in violation of federal and California laws). Plaintiffs allege loss of business "to the extent Youngevity distributors and consumers at large buy Wakaya's Clay Products, Capsules, and Ginger rather than Youngevity's competing health products." (FAC ¶ 209). Thus, Plaintiffs are not required to demonstrate "actual reliance" on the alleged misrepresentations. On this ground, the Court denies Defendants' motion for summary judgment.

Second, Defendants argue that even if Plaintiffs have statutory standing to proceed on their UCL claim, they have failed to provide evidence that the alleged unlawful conduct *caused* Youngevity any harm.

> There are innumerable ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been

unnecessary. The foregoing list is not exhaustive and the notion of 'lost money' under the UCL is not limited.

*Higbee*, 153 Cal. Rptr. 3d at 878 (citing *Kwikset Corp.*, 246 P.3d at 885-86).

Plaintiffs argue that they have provided sufficient evidence to demonstrate actionable injuries. As to Plaintiffs' claim that Wakaya's unlawful pyramid scheme has caused an injury, Plaintiffs rely on Dr. David Stewart's expert report which states that Wakaya's claims about distributors' earning potential lacks substantiation. (ECF No. 315–3, 21–22.) Additionally, Plaintiffs rely on Steve Wallach's declarations to argue that Youngevity has lost distributors and business to Wakaya. (ECF No. 269–1, Ex. 35, 11; ECF No. 340–1, ¶¶ 6–24.) Finally, Plaintiffs point to Brian J. Bergmark's expert report to argue that as a result of Wakaya's unlawful conduct, it recruited Youngevity distributors to work for Wakaya which led to a loss of revenue and business. (ECF Nos. 340–2, Ex. JJ, Ex. F; ECF No. 292–3, Ex. DD.) Because the Court must view all inferences drawn from the underlying facts in the light most favorable to Plaintiffs, the Court concludes that causation remains a genuine issue of material fact. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Thus, Defendants' motion for summary judgment as to Plaintiffs' second cause of action is denied.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' motion for summary judgment as to Plaintiffs' second cause of action (ECF No. 299).

**IT IS SO ORDERED**.

Dated: August 23, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court

6

16-CV-704-BTM-JLB