UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| YOUNGEVITY INTERNATIONAL, et al., | Case No.: 16-CV-704-BTM-JLB |
|---|---|
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' SIXTH CAUSE OF ACTION [ECF No. 307]** |
| v. | |
| TODD SMITH, et al., | |
| Defendants. | |

Presently before the Court is Defendants' motion for summary judgment as to Plaintiffs' sixth cause of action for misappropriation of trade secrets in violation of California Civil Code section 3426. (ECF No. 307 ("Defs.' MSJ VI").) For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## II. DISCUSSION

Defendants move for summary judgment on Plaintiffs' sixth cause of action. Plaintiffs allege that Defendants Wakaya, William Andreoli, Dave Pitcock, Patti Gardner, Mike Casperson, and Brytt Cloward misappropriated Youngevity's trade secrets, including its distributor lists and database, wholesale cost and pricing information, and marketing materials. (ECF No. ECF 269, Fourth Am. Compl. ("FAC"), ¶¶ 304–316.)

To prove trade secret misappropriation, a plaintiff must demonstrate: "(1) the plaintiff owned a trade secret, (2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means, and (3) the defendant's actions damaged the plaintiff." *CytoDyn, Inc. v. Ameriummune Pharms., Inc.*, 160 Cal. App. 4th 288, 297 (2008).

First, Defendants argue that Plaintiffs have failed to identify any trade secrets with particularly. A plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968). Plaintiffs claim that Youngevity's distributor lists and database, wholesale cost information, and marketing materials constitute trade secrets. The Court finds that Plaintiffs have sufficiently identified distributor lists and database, and wholesale cost information with particularity. However, Plaintiffs have failed to describe with particularity "marketing materials," as it is too vague of a description for anyone to "separate it from matters of general knowledge in the trade" or to allow Defendants to "ascertain the boundaries within which the secret lies." *See Diodes, Inc.*, 260 Cal. App. 2d at 253. Additionally, even if the Court were to find that Plaintiffs sufficiently described "marketing materials,"

Plaintiffs have provided no evidence to demonstrate that the materials constitute "secrets," as they were admittedly used in presentations. (*See* ECF No. 373–1, Ex. D 199:2–200:14.) Thus, Plaintiffs' allegations as to its "marketing materials" fail.

Even if the Court finds that Plaintiffs have identified the information with sufficient particularity, Defendants still urge the Court to grant summary judgment because they argue Youngevity's distributor lists do not constitute "trade secrets." A "trade secret" is defined as "information, including a formula, pattern, compilation, program, device, method, technique or process, that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s subject to efforts that are reasonable under the circumstances to maintain is secrecy." Cal. Civ. Code. ¶ 3426.1(d). "Information derives independent economic value from not being generally known when its secrecy provides a business with a substantial business advantage." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 959 (C.D. Cal. 2011).

Plaintiffs claim that Youngevity's distributor list, specifically the list created by Dave Pitcock and Livinity, Inc., constitutes a "trade secret." Youngevity purchased Livinity, Inc. from Dave Pitcock which included "substantially all of the assets of [Livinity] used in or relating to the Business." (ECF No. 293–3, Ex. B, 42.) Defendants argue that the list is not a secret because Youngevity's distributors' status are already publicly known since the sale of its products depends on its distributor outreach. "[A] customer list can be found to have economic value because its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interest." *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1522 (1997). Here,

4

Youngevity has provided enough evidence to demonstrate that its distributor lists, and in particular the Livinity list, contain information that provides a competitive advantage among multi-level marketing companies.  Most notably, Pitcock signed Youngevity's consulting agreement which contains a confidentiality clause that lists "oral and written customer information, and personnel information" as "confidential information," and prohibits a consultant from using "any of the Confidential Information and/or business contacts, information regarding distributors/vendors/suppliers and other business associates of [Youngevity] . . . transmitted to [Pitcock] by [Youngevity], for the purpose of circumventing [Youngevity's] business operations."  (ECF No.293–3, Ex. H, § 4(a).)

Second, Defendants contend that Plaintiffs cannot prove that any Defendant engaged in "misappropriation."  The Court agrees in part.  Defendants are correct that Plaintiffs have not provided any evidence that Casperson and Cloward have "misappropriated" any trade secrets.  Thus, Plaintiffs' claim fails as to them.  However, as to Wakaya, Gardner, Andreoli, and Pitcock, Plaintiffs have submitted evidence that creates a genuine issue of material fact as to whether they indeed "misappropriated" Youngevity's distributor list and database, and cost and pricing information.  (*See* ECF No. 307, Ex. B, 20:1–21:16; ECF No. 340–2, Ex. P; ECF No. 372–1, Ex. B–C; ECF No. 194–2, Ex. J.)

Lastly, Defendants argue that Plaintiffs have failed to establish that the alleged misappropriation *caused* Youngevity any damages.  Plaintiffs respond that the evidence demonstrates that Youngevity's sales dropped during the time in which Defendants were allegedly misappropriating Youngevity's distributor list and database.  (*See* ECF No. 340–2, Ex. P; ECF No. 292–3, Ex. CC, 17.)  Additionally, Plaintiffs point to Brian J. Bergmark's expert report, which evaluates economic damages associated with the claims against Defendants, to argue that Youngevity suffered damages.  (ECF No. 340–2, EX. JJ.)  Because at this stage

the Court must weigh all inferences in Plaintiffs' favor, the Court cannot conclude as a matter of law that no reasonable juror could find for Plaintiffs. Accordingly, Defendants' motion is only granted as to Mike Casperson, Brytt Cloward, and the claims concerning Youngevity's marketing materials.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** Defendants' motion for summary judgment as to Plaintiffs' sixth cause of action (ECF No. 307). Defendants' motion is granted as to Mike Casperson, Brytt Cloward, and the allegations regarding Youngevity's marketing materials.

**IT IS SO ORDERED**.

Dated: September 17, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court