UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>TODD SMITH, et al.,<br><br>                              Defendants. | Case No.:  16-CV-704-BTM-JLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' TENTH CLAIM [ECF No. 317]** |

Presently before the Court is Defendants' motion for summary judgment as to Plaintiffs' tenth cause of action for breach of a duty of loyalty against Defendants Patti Gardner, Mike Randolph, Mike Casperson, and Brytt Cloward. (ECF No. 317 ("Defs.' MSJ X").)  For the reasons discussed below, the Court grants Defendants' motion.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to demonstrate that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)).

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## II. DISCUSSION

Defendants move for summary judgment on Plaintiffs' tenth cause of action for breach of a duty of loyalty. Under California[1] law, breach of a fiduciary duty and breach of a duty of loyalty are two distinct claims. *E.D.C. Techs. V. Seidel*, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016). Here, Plaintiffs rely on the latter, alleging that Gardner, Randolph, Cloward, and Casperson all breached their duty of loyalty as employees. (Fourth Amended Complaint ("FAC"), ECF No. 269, ¶¶ 371–375.)

To prove a claim for breach of a duty of loyalty, a plaintiff must demonstrate: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410 (2007). California law does not authorize an employee to transfer his or her loyalty to a competitor. *Huong Que*, 150 Cal. App. 4th at 410. A breach occurs "when the employee takes action which is inimical to the best interests of the employer." *Id.* However, "inimical" action does not include seeking other employment or making preparations to create a competitive corporation to compete with his or her employer. *Mamou v. Trendwest Reports, Inc.*, 165 Cal. App. 4th 686, 719 (2008).

Defendants argue that Plaintiffs cannot prove that they breached their duty of loyalty. The Court evaluates each Defendant separately. First, as to Cloward,

---

[1] Defendants initially argued the Delaware law applies because under the "internal affairs doctrine," the law of the state of incorporation governs breach of fiduciary claims as codified in California Corporate Code section 2116. (Defs.' MSJ X, 1.) However, Plaintiffs clarified in their opposition that they claim against Defendants not as fiduciaries or directors, but rather as employees of Youngevity. (Pls.' Opp'n to Defs.' MSJ X, ECF No. 374, 1–2.) The Court, therefore, applies California law to Plaintiffs' claim. *In re Brocade Commc'ns Sys. Derivative Litig.*, 615 F. Supp. 2d 1018, 1036 (N.D. Cal. 2009) ("The Court is not convinced . . . that the internal affairs doctrine mandates that Delaware law apply to tort claims brought against individuals who are not fiduciaries of a plaintiff employer.").

the Court holds that Plaintiffs have not shown enough evidence to create a genuine issue of material fact as to breach. Cloward remained employed with Youngevity until November 10, 2015, but began making preparations to establish and join Wakaya as early as November 1, 2015. (Defs.' MSJ X, Ex. B 125:1–18.) However, the conduct Plaintiffs argue constitutes a breach merely involves setting up new offices, creating a marketing and website plan, and discussing potential products and vendors. (Pl.s' Opp'n to Defs.' MSJ X, ECF No. 374–1, Ex. A–D.) This conduct alone is not sufficient to create a genuine issue of material fact as to breach. *See Mamou*, 165 Cal. App. 4th at 719. Therefore, the Court grants Defendants' motion as to Cloward.

Similarly as to Casperson, the Court holds that Plaintiffs have failed to create a genuine issue of material fact as to his alleged breach. Plaintiffs argue that Casperson breached his duty of loyalty because he was considered to be a part of Wakaya's "team" as early as November 4, 2015, despite remaining with Youngevity until November 7, 2015. (Pl.s' Opp'n, Ex. M; Def.s' MSJ X, Ex. H, ¶ 1.) Additionally, they argue that his initial work on Wakaya and visit to the new office support a breach. (Pls.' Opp'n, Ex. A.) Under California law, this does not demonstrate that he was acting against Youngevity's best interest, but rather that he was merely making preparations to create a competing corporation. *See Mamou*, 165 Cal. App. 4th at 719. As such, Plaintiffs fall short of creating a genuine issue of material fact. Therefore, the Court grants Defendants' motion as to Casperson[2].

---

[2] Plaintiffs argue that summary judgment as to Casperson is improper because Youngevity sought leave for further discovery. (Pls.' Opp'n to Defs.' MSJ X, 5.) On December 29, 2017, the Magistrate Judge granted in part Plaintiffs' request for additional discovery. (ECF No. 406.) However, Plaintiffs have not filed a supplemental brief. Therefore, the Court finds this argument unavailing.

As to Randolph and Gardner, Plaintiffs argue that their involvement with Wakaya's initial preparations coupled with their use of Youngevity's trade secrets, namely Youngevity's wholesale cost information regarding its oil products, lend support to finding a breach. (Pls.' Opp'n, Exs. A, F, G 89:22–24, H–M, O 32:10–34:22.) The Court agrees. While as noted above, preparations made to launch a company such as setting up conference lines, picking products, meeting with potential vendors, and discussing sales and pricing does not amount to a breach, using Youngevity's price information to aid Wakaya does support an inference that Randolph and Gardner were acting against Youngevity's best interests. *See Chemfab Corp. v. Integrated Liner Techs. Inc.*, 693 N.Y.S.2d 752, 754 (1999) ("[W]hile an employee may secretly incorporate a competing business prior to departing, the employee may not use his or her principal's time, facilities or proprietary secrets to build the competing business.").

Defendants argue that even if Youngevity's oil price information constitutes a trade secret, and Gardner and Randolph indeed used it, the claims must still be dismissed because they are preempted by the California Uniform Trade Secrets Act ("CUTSA"). CUTSA provides the exclusive remedy for trade secret misappropriation under California law. *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010) ("We thus reaffirm that CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies 'based on misappropriation of a trade secret.'"). The CUTSA "preempts common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009). "[T]he determination of whether a claim is based on trade secret misappropriation is largely factual. *Id.* at 954. Plaintiffs' breach of loyalty claim against Gardner and Randolph depends on their alleged misappropriation of Youngevity's price

information.  Indeed, without evidence of trade secret misappropriation, the claim would fail as the only other evidence that supports an inference of a breach merely shows that they took preparatory steps to establish Wakaya.  Therefore, Plaintiffs' claim as to Gardner and Randoph is preempted by the CUTSA. Accordingly, the Court grants Defendants' motion as to Gardner and Randolph.

## III. CONCLUSION

For the reasons discussed above, the Court grants Defendants' motion for summary judgment brought by Cloward, Casperson, Gardner, and Randolph as to Plaintiffs' tenth claim (ECF No. 317).

**IT IS SO ORDERED**.

Dated: September 28, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court

16-CV-704-BTM-JLB