# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, et al., <br>                                     Plaintiffs, <br> v. <br> Todd Smith, et al., <br>                                    Defendants. | Case No.: 16-CV-704-BTM-JLB <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' EIGHTH CAUSE OF ACTION [ECF Nos. 309, 325]** |

Presently before the Court are Plaintiffs' and Defendants' motions for summary judgment as to Plaintiffs' eighth cause of action for trademark infringement. (ECF Nos. 309 ("Defs.' MSJ VIII"), 325 (Pls.' MSJ VIII").) For the reasons discussed below, the Court grants in part and denies in part Defendants' motion and denies Plaintiffs' motion.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323.

On cross motions for summary judgment, a court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006) (internal citations omitted). The burdens faced by the opposing parties vary with the burden of proof they will face at trial. When the moving party bears the burden of proof at trial, "'his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1009, 1113 (N.D. Cal. 1994) (quoting Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–488 (1984)). By contrast, when the moving party does not bear the burden of proof at trial, "the [moving party] need only point to the insufficiency of the [nonmoving party's] evidence to shift the burden to the [nonmoving party] to raise genuine issues of fact as to each claim by substantial evidence. *Id.* If the nonmoving party then fails to raise a genuine issue of fact, the court should grant summary judgment in favor of the moving party. *Id.*

"Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark area." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). The Ninth Circuit has cautioned district courts that summary judgment motions regarding the likelihood of confusion should be granted "sparingly, as careful assessment of the pertinent factors that go into determining likelihood of confusion usually requires a full record." *Id.* at 1210 (quoting *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901–02 (9th Cir. 2002)).

The court must view all inferences drawn from the underlying facts in the

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

## II. DISCUSSION

Plaintiffs move against Defendants Total Nutrition Team ("TNT") and Blake Graham for trademark infringement in violation of the Lanham Act, 15 U.S.C. section 1114. Plaintiffs seek both monetary damages and a permanent injunction prohibiting Defendants Graham and TNT from "making any further commercial use" of Youngevity's trademark.

To succeed on a claim for trademark infringement, a plaintiff must prove: (1) ownership of a valid trademark; (2) that defendant used the mark; (3) and that use resulted in a likelihood of confusion. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).
Here, there is no dispute that Plaintiffs, specifically Youngevity, own the "Youngevity" mark and that TNT and Graham used it. (Pls.' MSJ VIII, Ex. B, ¶ 4.) Therefore, this motion turns on whether Defendants' use of the mark caused a likelihood of confusion.

**A. Applicable Test to Determine Likelihood of Confusion**

At the outset, it is worth clarifying what test this Court should apply when determining whether Defendants' use of Youngevity's mark caused a likelihood of confusion.

Ordinarily, courts apply the eight-factor test articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), to determine likelihood of confusion. However, where a defendant raises the nominative fair use defense by asserting that it used the owner's mark only to refer to the trademarked good itself, the *Sleekcract* analysis does not apply. *Toyota Motor Sales, U.S.A., Inc. v.*

*Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010). In those cases, courts instead ask "whether (1) the product was readily identifiable without use of the mark; (2) defendant used more of the mark than necessary; or (3) defendant falsely suggested he was sponsored or endorsed by the trademark holder." *Id.* (internal citations omitted). If plaintiff cannot show that the above conditions characterize the nominative use, then the use of the plaintiff's trademark does not constitute infringement. *Id.* at 1176. A defendant need not prove lack of confusion, as the burden to prove consumer confusion always rests on the plaintiff. *Id.* at 1183.

Here, Defendants attempt to avail themselves of the nominative fair use defense by arguing that they have only used the Youngevity mark to sell Youngevity's genuine products. (Defs.' MSJ VIII, 2–3; Defs.' Opp'n to Pls.' MSJ VIII, ECF No. 358, 2.) Plaintiffs argue that the nominative fair use analysis does not apply because Defendants infringed on Youngevity's mark by using it to "sell and promote unauthorized products, including Wakaya products," and leading distributors and consumers to believe that Youngevity authorizes the sale of those goods. (Fourth Amended Complaint ("FAC"), ECF No. 369, ¶¶ 351–54.) However, the nominative fair use analysis is appropriate "even if the defendant's ultimate goal is to describe his own product." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002). As such, the Court will apply the nominative fair use analysis.

**B. Likelihood of Confusion**

The nominative fair use test evaluates "the risk that nominative use of the mark will inspire a mistaken belief on the part of consumers that the speaker is sponsored or endorsed by the trademark holder." *Toyota*, 610 F.3d at 1176. In determining likelihood of confusion, the "focus must be on the reasonably prudent consumer in the marketplace." *Id.* Here, for the purposes of this analysis, the relevant consumer is a reasonably prudent customer accustomed to dealing and buying from multi-marketing level companies. *See id.*

The first factor addresses whether Youngevity's products are readily identifiable without use of the mark. Plaintiffs have offered no evidence that Youngevity's products are readily identifiable without use of the mark. Though multi-marketing level company consumers may recognize Youngevity products without use of the mark, Plaintiffs bear the burden of proving this factor and have not done so. As such, the Court finds that the first factor favors Defendants.

The second factor considers whether Defendants used Youngevity's mark more than necessary. At this point it is worth clarifying that Youngevity only owns a plain word mark for "Youngevity." (Pls.' MSJ VIII, Ex. B, 27.) Though Plaintiffs also claim that Defendants misappropriated Dr. Joel Wallach's likeness, it is important to distinguish those allegations as separate from this cause of action. The issue here is whether Defendants used Youngevity's mark in a way that leads consumers and distributors to mistakenly believe that they are sponsored or endorsed by Youngevity. *Toyota*, 610 F.3d at 1176. The Court finds that Defendants have used Youngevity's mark more than necessary. On March 21, 2016, Youngevity sent a letter to Defendants terminating the distributor relationship and revoking consent to their use of Youngevity's mark. (Pls.' MSJ VIII, Ex. B, 7176.) Plaintiffs have submitted evidence that up until December 2016, Defendant TNT's offices bore signage displaying Youngevity's trademark. (Pls.'s MSJ VIII, Ex. C 109:6–110:24.) There is also evidence that as of July 18, 2016, Defendants' websites repeatedly used the text of the mark. (Pls.' MSJ VIII, Ex. E.) Lastly, there is evidence that in March 2016, Defendants sent postcards with Youngevity's mark advertising 30% off entire orders. (Pls. MSJ VIII, Ex. G.) While of course Defendants could use the trademark to let their consumers know that they sell Youngevity's products, Defendants' use of the mark goes beyond just advertising the sale of Youngevity's products. Therefore, the Court finds that this factor weighs in Plaintiffs' favor.

//

Lastly, the third factor addresses whether Defendants' use of the mark suggests sponsorship or endorsement by Youngevity. Plaintiffs argue that Defendants' use of Youngevity's trademark results in initial interest confusion. The Ninth Circuit has recognized that initial interest confusion can give rise to trademark infringement. *See Brookfield Commc'ns, Inc.*, 174 F.3d at 1062–63. Plaintiffs contend that by using the Youngevity mark, Defendants have lured customers and distributors to meetings held at Defendants' offices and to visit their websites on which they promote Wakaya's products under false pretenses that they are authorized by Youngevity. Defendants raise two arguments in response. First, they point to the fact that after March 2016, Defendants used a disclaimer on their website stating that Defendant TNT was not an authorized Youngevity representative. (Defs.' MSJ VIII, Ex. A, ¶ 27.) However, Plaintiffs have submitted sufficient evidence demonstrating the extensive use of the mark which creates at least a genuine issue as to whether the disclaimer is effective.

Second, Defendants argue that Plaintiffs have not met their burden because they have failed to demonstrate that any consumers that intended on purchasing Youngevity products were diverted to purchasing Wakaya products. The lack of such evidence does not defeat the claim. The Ninth Circuit has recognized that "the use of another's trademark in a matter calculated 'to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion, may be still an infringement.'" *Brookfield Commc'ns, Inc.*, 174 F.3d at 1062 (quoting *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1405 (9th Cir. 1997)). Thus, in light of the evidence demonstrating extensive use of the trademark on the one hand, and evidence of the disclaimer on the other, the Court finds that there is a genuine issue of material fact as to whether Defendants' use of the trademark suggests sponsorship or endorsement by Youngevity. Given the highly factual nature of this claim, the Court finds that this is an issue more appropriately reserved for a

jury. *Rearden LLC*, 683 F.3d at 1210.

Accordingly, the Court denies both Plaintiffs' and Defendants' motions for summary judgment on this ground.

**C. Damages**

The remedies available for trademark infringement include: (1) injunctive relief; (2) an accounting of the defendant's profits from the infringing conduct; (3) damages sustained by the plaintiff; and (4) the costs of the action. 15 U.S.C. §§ 1114–1117.

Defendants argue that the Court should grant summary judgment on damages because Plaintiffs have failed to show any evidence proving a loss due to the alleged infringement. To obtain actual damages for trademark infringement, a plaintiff "must prove both the fact and the amount of damage." *See Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993). Plaintiffs argue that Defendants' use of the mark diverted business from Youngevity to Wakaya, as evidenced by specific distributors' sales decreasing after being targeted by Defendants to attend meetings at Defendants' offices. However, the evidence Plaintiffs cite to does not support such a claim, as it merely shows that distributor sales went down without any indication as to why. (ECF No. 340–1, ¶¶ 15–21.) Plaintiffs also argue that summary judgment on this issue is not appropriate because discovery is ongoing. Because Plaintiffs did not file supplemental briefing on this issue after being granted leave by the Magistrate Judge to conduct additional discovery (ECF No. 406), the Court is not persuaded by this argument.

Accordingly, Defendants' motion is granted only on the issue of monetary damages. Plaintiffs' claim survives as to all other available remedies under the statute.

//

//

## III. CONCLUSION

For the reasons discussed above, the Court denies Plaintiffs' motion for summary judgment (ECF No. 325). The Court denies in part and grants in part Defendants' motion for summary judgment (ECF No. 309). The Court only grants Defendants' motion on the issue of monetary damages.

**IT IS SO ORDERED**.

Dated: November 30, 2018

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court