UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Todd Smith, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 16-cv-704-BTM-JLB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND VACATING ORDER AWARDING ATTORNEY'S FEES**<br><br>**[ECF Nos. 557, 561]** |

Before the Court are the objections filed by Plaintiffs and Counterclaim Defendants Youngevity International, Corp. et al. ("Youngevity" or Plaintiffs), (see ECF No. 561 ("Objs. to Am. R. & R. & Order" or "the Objections")), to the Amended Report and Recommendation and Order, issued on July 2, 2018 by the Magistrate Judge, awarding attorney's fees to Defendants Wakaya Perfection, LLC., et al. ("Wakaya" or Defendants) under Federal Rule of Civil Procedure 37(b)(2)(C), (see ECF No. 557 ("Am. R. & R. & Order" or "the Magistrate Judge's order").)  For the reasons discussed below, the Court **ADOPTS** the R. & R. and **VACATES** the order awarding attorney's fees to Wakaya.

//

## BACKGROUND

The Magistrate Judge observed that the parties had mistrust for one another. (Am. R. & R. & Order at 2.) That is an understatement. The parties have engaged in scorched earth litigation reminiscent of Mad Magazine's cartoon *Spy vs. Spy*. Over 70 depositions have been taken. Over 110 motions have been filed, including 37 motions for summary judgment. In this judge's thirty-two years on the federal bench, I have seen nothing like this. Youngevity and Wakaya are seeking to use the litigation to inflict a mortal wound on each other's businesses. The attorneys have unfortunately taken up their clients' attitude. Each side is lying in wait for the other to make a mistake so that it can then jump out, proclaiming *gotcha*. The objections to the Magistrate Judge's order arise from this background.

Under Federal Rule of Civil Procedure Rule 37(b)(2)(C), a court can award sanctions for violation of a protective order. Rule 37(b)(2)(C) provides that with respect to payment of expenses for failure to comply with a court order,

> the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

Here, Wakaya seeks sanctions for Youngevity's violation of the protective order for three disclosures designated as "Confidential—Attorney's Eyes Only." Wakaya alleges that Youngevity violated the protective order by (1) publicly filing the start dates of two Wakaya sales representatives, (2) disclosing the start date of a distributor to deponents during their depositions, and (3) disclosing sales data, contained in an expert report prepared by Youngevity's own expert but based on discovery produced by Wakaya, to Plaintiff and Counterclaim Defendant Steve Wallach, Youngevity's CEO. (See Am. R. & R. & Order at 2

(citing ECF No. 420, 3-5).) The Magistrate Judge recommends the denial of sanctions other than an award of attorney's fees to Wakaya, and Wakaya did not object. The Court adopts this part of the R. & R.

**STANDARD**

The Court has reviewed the Magistrate Judge's order, the Objections, and the briefing by both parties that followed, pursuant to Federal Rule of Civil Procedure 72(a), which provides that with respect to nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [first determined by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The Ninth Circuit has reaffirmed that "[a] district judge may reconsider a magistrate[] [judge's] order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002); *see also Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (noting that the magistrate judge may rule directly on a "non-dispositive pretrial motion such as a discovery motion" and that "[t]he scope of review is the 'clearly erroneous' standard")).

**DISCUSSION**

Youngevity objects to the Magistrate Judge's order, asserting that it is based on clearly erroneous fact finding. The Court need not and does not reach those objections, because the award of fees is vacated on other grounds.

Rule 37(b)(2)(C) authorizes attorney's fees for violation of a protective order unless "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In the Ninth Circuit, sanctions under Rule 37(b)(2)(C) are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Hous. of Marin v. Combs*, 285

F.3d 899, 905 (9th Cir. 2002) (citing *U.S. for the Use & Benefit of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)); *see also Paterson v. Dunham*, 645 F. App'x. 535, 536 (9th Cir. 2016) (citing *Fair Hous. of Marin*, 285 F.3d at 905) (holding that the district court did not abuse its discretion in partially denying appellant's motion for sanctions because "sanctions are only appropriate in extreme circumstances where the violation is due to willfulness, bad faith, or fault of the party"). While "[d]isobedient conduct not shown to be outside of the litigant's control" meets the Ninth Circuit's standard for granting sanctions as a general matter, *see Fair Hous. of Marin*, 285 F.3d at 905, the Ninth Circuit also recognizes that "not all disobedient conduct is of the same order," *see In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1248 n.19 (9th Cir. 2006).

Here, Wakaya produced about 116,000 documents and designated about 114,000 as confidential under the protective order. Even if Youngevity did make improper disclosures in the few instances of which Wakaya complains in the present motion, the circumstances are not sufficiently extreme as to warrant sanctions. Indeed, the sheer volume of documents produced, ninety-eight percent of which was deemed confidential, relative to the very minimal alleged disclosures in the present motion, constitutes precisely the kind of circumstance provided for in Rule 37(b)(2)(C) that would make an award of attorney's fees unjust. Moreover, there is no showing of bad faith or prejudice. Given Youngevity's adherence to the protective order otherwise, sanctions in the form of attorney's fees would not be just.

This is not to say that the Court countenances violations of a court order or rule. Youngevity's counsel are hereby admonished. All counsel for both Plaintiffs and Defendants are admonished to follow rules and orders, especially this district's Local Civil Rule 83.4, which details the standards and expectations of professionalism required by lawyers who practice before this court. In

particular, the Court warns the parties to avoid the conduct that Rule 83.4 warns against, including the prescriptions that attorneys must not "[k]nowingly participate in litigation or any other proceeding that is without merit or is designed to harass or drain the financial resources of the opposing party," CivLR 83.4(a)(2)(c), nor "[s]eek sanctions against or the disqualification of any other attorney for any improper purpose," CivLR 83.4(a)(2)(e).

All counsel are warned that willful violations of rules or orders may result in pro hoc vice authorization being revoked or disciplinary proceedings for those already members of the bar of this court.

## **CONCLUSION**

For the foregoing reasons, the award of attorney's fees in the Magistrate Judge's order (ECF No. 557) is **VACATED**. Wakaya's motion for sanctions (ECF No. 337) is **DENIED**. No motion for reconsideration will be filed without leave of the Court. In light of Wakaya's pending motion for terminating sanctions, or, in the alternative, issue, evidentiary, and monetary sanctions (ECF No. 552) based in part on the disclosures addressed above that Wakaya argues are improper, this Order is without prejudice to granting sanctions based on the record for that motion. The Report and Recommendation as to not granting other sanctions is **ADOPTED**.

**IT IS SO ORDERED.**
Dated: January 10, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court