UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>Todd Smith, et al.,<br><br>                    Defendants. | Case No.: 16-CV-704-BTM-JLB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION [ECF Nos. 296, 304]** |

    Presently before the Court are Plaintiffs' and Defendants' motions for summary judgment as to Plaintiffs' fifth cause of action for tortious interference with a contract. (ECF Nos. 304 ("Defs.' MSJ III"), 296 (Pls.' MSJ III").) For the reasons discussed below, the Court grants in part and denies in Defendants' motion, and denies Plaintiffs' motion.

## I. STANDARD

    Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing

substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323.

On cross motions for summary judgment, a court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006) (internal citations omitted). The burdens faced by the opposing parties vary with the burden of proof they will face at trial. When the moving party bears the burden of proof at trial, "'his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 868 F. Supp. 1009, 1113 (N.D. Cal. 1994) (quoting Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–488 (1984)). By contrast, when the moving party does not bear the burden of proof at trial, "the [moving party] need only point to the insufficiency of the [nonmoving party's] evidence to shift the burden to the [nonmoving party] to raise genuine issues of fact as to each claim by substantial evidence. *Id.* If the nonmoving party then fails to raise a genuine issue of fact, the court should grant summary judgment in favor of the moving party. *Id.*

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

//

## II. DISCUSSION

Plaintiffs assert a claim of intentional interference with contracts against Defendants Wakaya, Patti Gardner, Blake Graham, Total Nutrition Team ("TNT"), Todd Smith, Dave and Barb Pitcock, William Andreoli, and Andre Vaughn. Plaintiffs claim that Defendants have intentionally interfered with the contracts between Youngevity and its distributors by encouraging its distributors to cross-recruit other distributors to Wakaya. Each Youngevity distributor signed distributor agreements which strictly prohibit "cross-recruiting." (Fourth Am. Compl. ("FAC"), ECF No. 269 ¶ 295.). The distributor agreements provide:

> Distributors are strictly forbidden from Cross-Recruiting, and shall not sell, recruit, propose, or in any other way induce or attempt to induce any other Distributor to purchase any product or service, or to participate in any other income opportunity, investment, venture, or commit any other activity deemed, at the full discretion of the Company, as cross-recruiting. . . Any Distributor violating this provision may be subject to immediate termination for cause, forfeiting any and all commissions due him or her.

(Id.)

To prevail on a claim of tortious interference with contractual relations, a plaintiff must prove: (1) a valid contract between a plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998). "Because interference with an existing contract receives greater solicitude than does interference with prospective economic advantage, it is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Id.*

Each party moves for summary judgment on this claim.

**A. Defendants' MSJ**

Defendants move for summary judgment arguing that Plaintiffs have failed to prove each element of this claim as to each Defendant.

### 1. Vaughn, Smith, Graham, and TNT

First, as to Defendants Vaughn, Smith, Graham, and TNT, Plaintiffs' claim sounds in contract, not in tort. As the Court has already discussed in its order regarding Plaintiffs' third cause of action, California courts are clear that "a breach of contract claim cannot be transmuted into tort liability by claiming that the breach interfered with the promisee's business." *JRS Prods., Inc.*, 115 Cal. App. 4th at 183 (quoting *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 479 (1996)). Plaintiffs' claim against those Defendants who were former Youngevity distributors is premised on their own cross-recruiting of other Youngevity distributors, and therefore their own alleged breach. (FAC ¶ 298.) Indeed, the bulk of the evidence Plaintiffs submit are emails sent by Defendants to other Youngevity distributors. (Pls.' MSJ V, Exs. J–N, R–V.) At most this demonstrates that Defendants engaged in cross-recruiting, a harm remedied by contract damages, not by tort damages. Thus, Defendants' motion is granted as to Defendants Vaughn, Smith, Graham, and TNT.

### 2. The Pitcocks

While Plaintiffs' claim against the Pitcocks is in large part based in contract because they too were subject to distributor agreements, Plaintiffs have submitted evidence of alleged intentional interference with Youngevity's distributor contracts that took place after they were terminated in March 2016, and therefore no longer covered by the distributor agreements they signed. For example, Plaintiffs have submitted evidence of Michele Wimberley, a Youngevity distributor and Wakaya Ambassador, sending other Youngevity distributors including Verna Sommers, emails about Wakaya in May 2016. (Pls.' MSJ V, Ex. P–Q.) She also testified in her deposition that at times, the Pitcocks directed her to send out Wakaya emails to a list of people that included Youngevity

4

distributors. (Id. at Ex. O 16:16–32:13.) Though her testimony is far from clear, it does serve to support the inference that Wimberley cross-recruited at the Pitcocks' direction. (Id.)

Defendants argue that even if there is evidence to support that Defendants' actions actually led to a breach of the cross-recruiting provisions, the claim still fails on damages. However, Plaintiffs have submitted evidence that Wimberley's downline sales volume decreased in March 2016 and thereafter. (Pls.' MSJ V, ECF No. 340–1, ¶ 12.) Whether at trial Plaintiffs will be able to prove that the Pitcocks' alleged intentional interference with Youngevity's contracts caused it identifiable damages is questionable. Nevertheless, construing the facts in the light most favorable to Plaintiffs, the Court cannot say as a matter of law that a reasonable jury would not find in their favor.

### 3. Gardner and Andreoli

As to Gardner and Andreoli, Plaintiffs have submitted no evidence proving their alleged intentional interference with Youngevity's distributor agreements. Therefore, Defendants' motion is granted as to them.

### 4. Wakaya

Lastly, Plaintiffs have at most submitted evidence of Wakaya's intent to recruit Youngevity distributors, but this alone is not enough to prove that Defendants intentionally interfered with the distributor agreements. (Pls.' MSJ V, Ex. Y, CC, EE, FF–GG.) To be clear, Plaintiffs have to prove that Wakaya not only committed intentional acts designed to induce a breach of the cross-recruiting provisions, but that Youngevity distributors *actually* cross-recruited other distributors to Wakaya. *See Quelimane Co.*, 19 Cal.4th at 55. However, absent actual evidence that non-party Youngevity distributors cross-recruited and breached their agreements, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact. It would be entirely speculative for a juror to infer that distributors breached their agreements. Thus, Defendants' motion is granted

as to Wakaya.

//

**B. Plaintiffs' MSJ**

Plaintiffs also move for summary judgment, arguing that it has produced enough evidence on all elements except damages. As discussed above, Plaintiffs' claim only survives Defendants' motion as to the Pitcocks. Nevertheless, construing the facts in the light most favorable to Defendants, in particular Wimberley's participation in sending emails about Wakaya to Youngevity distributors, the Court at this stage cannot find that Plaintiffs prevail as a matter of law. Rather, this is a matter that should be left for a jury. Therefore, the Court denies Plaintiffs' motion.

## III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' motion for summary judgment (ECF No. 296), and **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (ECF No. 304). Youngevity's alternative argument for denial under Rule 56(d) is unavailing, because the further sought discovery would not affect the basis for the Court's decision. The Court **GRANTS** Defendants' motion for summary judgment on Youngevity's fifth cause of action as to Defendants Vaughn, Smith, Graham, TNT, Andreoli, Gardner, and Wakaya. The Defendants' motion is otherwise denied.

**IT IS SO ORDERED**.

Dated: 3/4/19

_____
Honorable Barry Ted Moskowitz
United States District Judge

6

16-CV-704-BTM-JLB