# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, et al., <br><br>　　　　　　　　　Plaintiff, <br><br>v. <br><br>Todd Smith, et al., <br><br>　　　　　　　　　Defendant. | Case No.: 16-CV-704-BTM-JLB <br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [ECF No. 532]** |

Pending before the Court is Plaintiffs' motion for attorneys' fees and costs. (ECF No. 532). For the reasons discussed below, the Court grants in part Plaintiffs' motion for attorneys' fees.

## I. BACKGROUND

On February 6, 2018, the Court denied in part and granted in part Plaintiffs' motion for sanctions for witness tampering and found by clear and convincing evidence that Defendant Todd Smith acted in bad faith and intended to influence Rick Anson's, CEO and founder of LiveWell, LLC, testimony. (ECF No. 517, 4.) The Court awarded Plaintiffs "reasonable attorney's fees for the work performed in bringing [the sanctions] motion." (Id. at 5.) The Court calendared this motion for April 13, 2018.

Plaintiffs now request the following award: (1) $8,706.00 for attorneys' fees

incurred in submitting the motion for sanctions; (2) $8,798.75 for attorneys' fees incurred in submitting the reply brief; (3) $ 1,549.00 for attorneys' fees incurred for work related to Plaintiffs' application to file the motion for sanctions under seal; (4) $2,730.00 for attorneys' fees incurred in responding to Defendant's emergency ex-parte motion for reconsideration; (5) $5,730.00 for attorneys' fees incurred in submitting this motion; (6) $901.67 for costs of legal research and courtesy copy costs Plaintiffs incurred in submitting the motion for sanctions; and (7) $5,007.50 for attorneys' fees incurred in submitting the reply brief for this motion.  Thus, Plaintiffs request a total of $33,422.92.

## II. DISCUSSION

Defendants oppose Plaintiffs' motion on several grounds.  The Court addresses each argument below.

### A. Fees Related to Plaintiffs' Motion to File Under Seal

Defendants take issue with the fees related to Plaintiffs' applications to file under seal (ECF Nos. 162, 170).  They argue that the applications were not necessary because Plaintiffs could have met and conferred with Defendants over de-designating material prior to filing their motion for sanctions.  The failure to do so, Defendants argue, should not penalize them.

Defendants' designated materials included Rick Anson's entire deposition transcript, and Todd Smith's text messages to Anson and David Smith.  This case has been contentious from its inception, resulting in very little agreement between the parties.  The Court does not believe that even if Plaintiffs and Defendants would have met and conferred, they would have reached an agreement regarding such prejudicial material.  Therefore, the Court finds that the applications and related hearing were necessary and properly fall within the Court's award to Plaintiffs.

### B. Fees Related to Plaintiffs' Response to Defendants' Emergency Motion

Defendants oppose an award that includes the fees Plaintiffs incurred in

2

16-CV-704-BTM-JLB

responding to their Emergency Motion for Reconsideration and/or Clarification of this Court's February 6, 2018 order (ECF No. 522). In addition to awarding Plaintiffs attorneys' fees, the Court also issued an injunction prohibiting Todd Smith and Wakaya, and related parties from harassing, threatening, intimidating or influencing, or attempting to do so, any of Plaintiffs' and Counterclaim Defendants' witnesses, and from communicating with those witnesses except when counsel for Smith or Wakaya are participating in the communication. (ECF No. 517, 6.) Defendants petitioned the Court to reconsider and/or clarify the scope of the injunction.

Defendants argue that Plaintiffs should not recover fees related to their response because: (1) they were not required to respond; and (2) Defendants eventually prevailed on the motion. The Court is not persuaded by these arguments. First, Plaintiffs had to respond to preserve their objections to Defendants' request that they produce a limited list of witnesses they considered to fall within the Court's injunction. Second, though Defendants prevailed in part on their Emergency Motion, the need for clarification arose from Todd Smith's misconduct. Thus, the Court finds that these fees fall within the scope of the Court's award.

**C. Fees Related to Motion for Fees**

Defendants also challenge Plaintiffs' request for fees related to the instant motion. Without citing to any case law, Defendants argue that it is excessive to request fees related to a motion for attorneys' fees. However, courts routinely grant a party fees for time spent litigating fee applications. *Anderson v. Director, Office of Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) (holding that time spent in preparing fee applications is compensable under 42 U.S.C. § 1988); *Sure Safe Indus. Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 627 (S.D. Cal. 1993) ("Attorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37."); *Matlink, Inc. v. Home Depot U.S.A.,*

*Inc.*, No. 07cv1994-DMS-BLM, 2008 WL 8504767, at *6 (S.D. Cal. Oct. 27, 2008) (awarding fees after finding a Rule 37 violation for time spent litigating fee application and related reply).

Having found that Todd Smith acted in bad faith, the Court has broad discretion to fashion an award that it sees appropriate. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Thus the Court finds that the fees Plaintiffs incurred in preparing the application for attorneys' fees are compensable.

**D. Fees Related to Motion for Sanctions Briefs**

Lastly, Defendants challenge the fees Plaintiffs incurred in preparing the motion for sanctions and reply brief.

In determining an appropriate award of attorneys' fees the Ninth Circuit has suggested twelve factors which should be considered: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

"[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'" *Henry v. Gill Indus., Inc.* 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Williams v. Alioto*, 625 F..2d 845, 849 (9th Cir. 1980)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation

4

multiplied by the hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method, known as the lodestar method, is presumed to be a reasonable fee. *Hiken v. DOD*, 836 F.3d 1037, 1044 (9th Cir. 2016). Counsel for the prevailing party should "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434. Fee applicants also bear the "burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudry v. City of Los Angeles*, 751 F.3d 1096, 1110–11 (9th Cir. 2014). Courts may rely on attorney affidavits and rate determinations in other cases to determine whether a requested rate is in line with the prevailing market rate. *Hiken v. DOD*, 836 F.3d at 1044.

Here, Plaintiffs spent a total of 29.8 hours on the motion for sanctions and 45.8 hours on the reply brief. In considering the complexity of the motion, the Court agrees with Plaintiffs that a request for sanctions for witness tampering is not common in federal civil litigation. Moreover, in an effort to avoid a duplication of fees, Plaintiffs only seek reimbursement for 50% of billable time that their law clerk spent preparing the reply. Thus, given the remedies sought by Plaintiffs and the difficulty of the motion, the Court finds that 75.6 hours (minus the time spent researching a referral to the U.S. Attorney's Office and drafting those sections of the motion and reply brief) is a reasonable amount of time to spend in bringing the motion.

As to Plaintiffs' fee rate, the Court finds that they have produced satisfactory evidence that the hourly rates for their associates and partners are reasonable. Plaintiffs have submitted detailed attorney affidavits and have cited to comparable rates in the Southern District of California. In light of the rates treated as reasonable in this district, Plaintiffs' rates fall within a reasonable range. *See Makaeff v. Trump Univ., LLC*, No. 10cv0940–GPC-WVG, 2015 WL

1579000, at *4–5 (S.D. Cal. April 9, 2015).  Additionally, Defendants bear "the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Hiken*, 836 F.3d at 1045.  Defendants have not met this burden.

Todd Smith and Wakaya argue that Youngevity's fee should be reduced by its lack of success as to sanctions for alleged tampering with the testimony of David Smith and the unsuccessful pursuit of a referral to the U.S. Attorney's Office.  A court can reduce the fee based on partial success.  *See Dunlap v. Liberty Natural Prods., Inc.*, 878 F.3d 794, 800 (9th Cir. 2017) (affirming a 50% reduction in attorney's fees where the plaintiff succeeded on only one of her five claims); *Potter v. Blue Shield of CA Life & Health Insurance Co.*, Nos. 17-56018, 17-56020, 17-56023, 2019 WL 719136, at *1 (9th Cir., Feb. 20, 2019) (affirming a 70% reduction in attorney's fees in light of the plaintiff achieving limited success on the merits).  However, here, the actions of Todd Smith towards David Smith, while not meriting sanctions, were relevant to the issue of Todd Smith's intent as to Rick Anson.  *See* Fed. R. Evid. 404(b).  Thus, the time spent was related to the issue of sanctions overall.  However, as to the argument for referral to the U.S. Attorney's Office, Youngevity clearly did not prevail, and the hours spent on researching that issue and drafting those sections in the motion and reply brief will be deducted.  Thus, $2,166.16 will be deducted.[1]

Accordingly, Plaintiffs are awarded $15,338.59 for their work in preparing

---

[1] The Court calculates this number based on the cost of researching this issue ($931.50) plus the cost of preparing these sections in the motion and the reply brief.  To calculate the cost of drafting the referral section in the motion, the Court determined the cost of drafting the motion and divided by 12, because out of the 12 pages in the motion, only 1 was spent on the issue of the referral.  To calculate the cost of drafting the referral section in the reply, the Court determined the cost of drafting the reply and divided by 10, because out of the 10 pages in the reply, only 1 was spent on the issue of the referral.  Thus, the Court determines that drafting the referral section in the motion cost $537.46 and that drafting the referral section in the reply cost $689.73.  In addition, the Court deducts an additional $7.47, the cost of using Westlaw on September 5, 2017 for research related to the referral issue.

the motion and reply brief.  The Court does not find a need for any additional reductions.

### III. CONCLUSION

For the reasons discussed above, the Court hereby awards Plaintiffs the amount of $31,256.76 pursuant to this Court's inherent authority and in accordance with its February 6, 2018 order.  Todd Smith and Wakaya must pay $31,256.76 to Youngevity by April 3, 2019.

**IT IS SO ORDERED**.

Dated: 3/5/19

_____
Honorable Barry Ted Moskowitz
United States District Judge