# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Youngevity International, et al., | Case No.: 16-CV-704-BTM-JLB |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S NINTH CAUSE OF ACTION [ECF Nos. 292, 322]** |
| v. | |
| Todd Smith, et al., | |
| Defendants. | |

Presently before the Court are Plaintiff Youngevity's and Defendant William Andreoli's cross motions for summary judgment as to Youngevity's ninth cause of action for breach of fiduciary duty against Defendant William Andreoli. (ECF Nos. 292 ("Pl.'s MSJ IX"), 322 ("Def.'s MSJ IX").) For the reasons discussed below, the Court denies both and Plaintiff Youngevity's and Defendant Andreoli's motions for summary judgment.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing

1 | substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 323.

On cross motions for summary judgment, a court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *ACLU v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006) (internal citations omitted). The burdens faced by the opposing parties vary with the burden of proof they will face at trial. When the moving party bears the burden of proof at trial, "'his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 868 F. Supp. 1009, 1113 (N.D. Cal. 1994) (quoting Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–488 (1984)). By contrast, when the moving party does not bear the burden of proof at trial, "the [moving party] need only point to the insufficiency of the [nonmoving party's] evidence to shift the burden to the [nonmoving party] to raise genuine issues of fact as to each claim by substantial evidence. *Id.* If the nonmoving party then fails to raise a genuine issue of fact, the court should grant summary judgment in favor of the moving party. *Id.*

The court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

\\

## II. DISCUSSION

Both Plaintiff Youngevity and Defendant Andreoli move for summary judgment on Plaintiff's ninth cause of action for breach of fiduciary duty.

**A. Choice of Law**

The parties appear to dispute whether California or Delaware law applies. Plaintiff argues that California law applies because Andreoli's fiduciary duty is governed by the Equity Purchase Agreement ("EPA") and Employment Agreement ("EA"), which contain choice-of-law provisions designating California law as the governing law. (Pl.'s MSJ IX, Ex. A § 10.10; Ex. B. §14(h).) Andreoli, on the other hand, argues that Delaware law applies pursuant to California's internal affairs doctrine because Youngevity is incorporated under the laws of Delaware. Under the internal affairs doctrine, as codified by California Corporations Code § 2116, courts will in most cases apply the laws of the state of incorporation with respect to matters involving the regulation of a corporation's internal affairs. *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 8 Cal. Rptr. 3d 56, 442 (2003).

Though case law concerning a conflict between an internal affairs doctrine and a contractual choice-of-law provision is scarce, it appears that the Ninth Circuit and California Supreme Court both have deferred to choice-of-law provisions before the internal affairs doctrine. *Johnson v. Myers*, No. CV-11-00092-JF-PSG, 2011 WL 4533198, at * 8–9 (N.D. Cal. Sept. 30, 2011) (analyzing the Ninth Circuit's and California Supreme Court's approach to conflicting choice-of-law provisions and internal affairs doctrine arguments). Here, Defendant has provided no reason why the Court should set aside the choice-of-law provision. There is a strong presumption in favor of enforcing contractual choice-of-law. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464–71 (1992) (recognizing strong policy considerations favoring the

enforcement of freely negotiated choice-of-law clauses). Additionally, because California is Youngevity's principal place of business, it has a substantial relationship to the parties and their disputes. As such, the Court will enforce the EPA's contractual choice-of-law provision and apply California law.

**B. Fiduciary Duty**

To state a claim for breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary duty, its breach, and damages resulting therefrom. *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998). Here, there is no dispute that Defendant Andreoli owed Youngevity fiduciary duties as Youngevity's President. Therefore, the motions turn on the second and third elements.

**1. Defendant's MSJ**

Defendant Andreoli moves for summary judgment arguing that there is no evidence to support that he breached a fiduciary duty or that a breach resulted in damages.

**a. Breach**

Under California law, a director must perform his duties "in a manner such director believes to be in the best interest of the corporation . . . ." Cal. Corps. Code § 309(a). A fiduciary duty demands that an officer "not only affirmatively . . . protect the interests of the corporation committed to his charge, but also . . . refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage which his skill and ability might properly bring to it, or to enable it to make in the reasonable and lawful exercise of its powers." *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 345 (1966) (internal quotation omitted). The Supreme Court of California has made it clear that "[t]he mere fact that [an] officer makes preparations to compete before he resigns his office is not sufficient to constitute a breach of [fiduciary] duty." *Id.* at 345-46. It is instead "the nature of [those] preparations which is significant." *Id.* at 346.

The Supreme Court has also clarified that "[t]here is no requirement that an officer disclose his preparations to compete with the corporation in every case, and failure to disclose such acts will render the officer liable for a breach of his fiduciary duties only where particular circumstances render nondisclosure harmful to the corporation." *Id.* at 347.

Plaintiff Youngevity has presented sufficient evidence to establish a genuine issue of material fact as to breach. Though a substantial amount of the evidence does nothing more than demonstrate that Defendant Andreoli communicated with Todd Smith about Wakaya without disclosure to Youngevity, Plaintiff points to several instances from which a jury could infer that Andreoli took more than mere preparatory steps to compete with Youngevity before resigning. *See Bancroft-Whitney Co.*, 64 Cal. 2d at 346.

For example, Plaintiff has submitted evidence of Andreoli and Smith negotiating a business agreement with Xocai, Inc., a competitor Youngevity had previously attempted to buy out. (See Pl.'s MSJ IX, Ex. G.) Youngevity also offers evidence that Andreoli attended a meeting in Utah with other Youngevity officers and distributors, including Todd Smith, Brytt Cloward, and Mike Randolph, to discuss Wakaya. (See id. at Ex. J 58:1–12; Ex. L 136:15–138:15, 144:17–145:9; Ex. C 176:13–181:2.) Moreover, there is disputed evidence that Andreoli introduced Mike Randolph, Mike Kolinski, Brytt Cloward, and Patti Gardner to Wakaya and that they subsequently left Youngevity to join Wakaya. (See id. at Ex. K; Ex. J 56:9-63:24; Ex. M 77:7-90:13-17; Exs. N-S; see also ECF No. 601 ("Pl.'s Suppl. Br."), Ex. E; Ex. F.) Lastly, there is also evidence of Andreoli forwarding Wakaya compensation plan information to then Youngevity distributors Dave and Barb Pitcock, Andre Vaughn, and Maxandra Desrosiers. (See Pl.'s MSJ IX, Exs. T–U). There is further evidence that Andreoli discussed Wakaya compensation plan information with Todd Smith, (see id. at Ex. S 32:22-25), as well as then Youngevity distributors Mike Randolph, Michael Casperson,

Patti Gardner, Brytt Cloward, and Mike Kolinski (see Pl.'s Suppl. Br., Ex. H; Ex. I; Ex. J).

Construing these facts in the light most favorable to Plaintiff, the Court cannot find as a matter of law that Defendant Andreoli would prevail on the element of breach. *See e.g.*, *Sonista, Inc. v.* Hsieh, 2005 WL 3113083, at *4 (N.D. Cal. Nov. 21, 2005) ("Assisting in the creation of a rival to [the company] while still a [company] director and officer would be a clear-cut violation of [the officer's] fiduciary duties to [the company]."); *Bancroft-Whitney Co.*, 64 Cal. 2d at 352 (holding that a defendant's assistance in recruiting and soliciting a plaintiff's employees can constitute a breach of fiduciary duty).

### b. Damages

Defendant also argues that Youngevity has failed to prove that Andreoli's alleged breach resulted in damages. Under California Civil Code section 3333, "the measure of damages . . . is the amount which will compensate for all the detriment proximately caused" by the breach. Cal. Civ. Code § 3333. Relying on Richard Hoffman's expert report, Youngevity argues that it suffered lost sales during the time Andreoli allegedly breached his fiduciary duties. (See Pl.'s MSJ IX, Ex. CC, 17, 20.) At this stage, the Court cannot say as a matter of law that a reasonable jury would not find that Youngevity suffered damages as a result of Andreoli's alleged breach, including the alleged recruitment of other Youngevity employees to Wakaya. Therefore, Defendant's motion for summary judgment is denied.

### 2. Plaintiff's MSJ

Plaintiff moves for summary judgment arguing that it has submitted sufficient evidence as to each element of this claim. As noted above, however, there remain genuine issues of material fact as to whether Andreoli breached his fiduciary duties, specifically by inducing other Youngevity officers to join Wakaya. For example, Defendant Andreoli has offered evidence that his introduction of

6

16-CV-704-BTM-JLB

Wakaya to then Youngevity distributors was done within the context of his job as President of Youngevity, not with the intentions of recruiting them. (See ECF No. 361 ("Def.s' Opp'n to Pl.'s MSJ IX"), Ex. 7 42:17–44:9; Ex. 3 60:7–19.) Defendant also claims that Andreoli's participation in discussions about Wakaya's compensation plan were nothing more than mere preparatory steps to compete. (See ECF No. 604 ("Def.'s Suppl. Br."), 2:19-3:6.) Therefore, Youngevity has not sufficiently met its burden for the Court to hold that no reasonable trier of fact could find other than for Plaintiff. Thus, a jury should resolve these material factual disputes.

### III. CONCLUSION

For the reasons discussed above, the Court **denies** both Plaintiff Yougevity's motion for summary judgment (ECF No. 292) and Defendant Andreoli's motion for summary judgment (ECF No. 322).

**IT IS SO ORDERED**.

Dated: March, 11, 2019

Honorable Barry Ted Moskowitz
United States District Judge