UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNGEVITY INTERNATIONAL, CORP., | Case No.: 16-cv-00704-BTM-JLB |
| Plaintiff, | **ORDER** |
| v. | |
| TODD SMITH, et al., | |
| Defendants. | |

On December 26, 2019, the Honorable Barry Ted Moskowitz issued an Order Setting Trial, which set May 11, 2020, as the trial date for Plaintiff's ("Youngevity's") claims under the Lanham Act and Unfair Competition Law. (ECF No. 675 at 1–2.) The Order also set February 14, 2020, as the deadline for the parties to submit a proposed pretrial order, which must contain: (1) a statement to be read to the jury; (2) a list of the causes of action to be tried; (3) a list of witnesses; (4) a list of exhibits; (5) a statement of stipulated facts; (6) a list of all deposition transcripts; and (7) proposed jury instructions. (*Id.* at 2.) In the Order, Judge Moskowitz directed the parties "to meet with the assigned magistrate judge to work out as many stipulations of fact as possible" and encouraged the parties "to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order." (*Id.* at 3.)

1

On January 29, 2020, counsel for the parties left a joint voicemail message with Judge Burkhardt's chambers requesting the Court's assistance in resolving disputes concerning the fact stipulations and proposed jury instructions in the parties' proposed pretrial order. (ECF No. 690.) On February 6, 2020, the Court held a telephonic, counsel-only Status Conference wherein each party's disputed fact stipulations were discussed. (ECF No. 692.) During the Conference, Defendants ("Wakaya") took issue with the fact that Youngevity had not disclosed to Wakaya what allegedly false statements it intended to present to the jury in support of its Lanham Act claims for false or misleading advertising. Wakaya argued that knowing exactly what false statements Youngevity intends to present is critical to preparing the parties' fact stipulations and crafting appropriate jury instructions. Youngevity objected to providing a specific list of statements it would rely on during trial and argued that the task would be impossible. Youngevity further argued that it had already identified which exhibits (more than 500) it intended to use in support of its Lanham Act claims. On February 10, 2020, the Court held a second telephonic, counsel-only Status Conference with the parties. (ECF No. 693.) Each party's position on the issue remained the same.

Judge Moskowitz has directed this Court to address whether Youngevity must now disclose to Wakaya the specific and allegedly false statements it intends to present to the jury in support of its Lanham Act claims. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services. *See Cleary v. News Corp.*, 30 F.3d 1255, 1259 (9th Cir. 1994). There are five elements of a false advertising claim under the Lanham Act, the first element being "a false statement of fact by the defendant in a commercial advertisement about its own or another's product." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Given that Youngevity will be required to identify for the jury what false statements Wakaya made to satisfy the first element of its Lanham Act claims, the Court determines that Youngevity should now be required to disclose a specific list of those statements upon which it intends to rely at trial.

Doing so will facilitate the parties' trial preparation and will save judicial and litigation resources.

Accordingly, no later than **February 21, 2020**, Youngevity shall provide Wakaya with a document specifying every allegedly false statement it intends to use to satisfy the "false statement of fact" requirement in the first element of a false advertising claim under the Lanham Act. The document shall individually list the *specific statements* and shall not reference general statements or categories of statements.

**IT IS SO ORDERED.**

Dated: February 13, 2020

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge