UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Todd Smith, *et al.*, <br><br> Defendants. | Case No.: 3:16-cv-704-BTM-JLB <br><br> **ORDER DENYING MOTION TO TRANSFER** <br><br> **[ECF NO. 632]** |

Before the Court is the defendants and counterclaim plaintiffs' (collectively, the "Wakaya Parties") motion to transfer this matter to the United States District Court for the District of Utah (the "Utah District Court") pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" rule. (ECF No. 632.) Youngevity International Corp. ("Youngevity") and Wakaya Perfection, LLC ("Wakaya") are multi-level marketing companies that utilize independent distributors to sell their respective products directly to consumers. Several of the Wakaya Parties were formerly employees and/or distributors of Youngevity. In or around November 2015, several of the Wakaya Parties resigned from Youngevity and, together with other Wakaya Parties and others, formed or started working with Wakaya and began competing against Youngevity. Youngevity and the other plaintiffs (collectively with the counterclaim defendants, the "Youngevity Parties") allege the Wakaya Parties committed various torts and breached various agreements with Plaintiffs in connection with

the formation and operation of Wakaya.  Accordingly, on or about February 22, 2016, Youngevity sent notice to several of the Wakaya Parties that their distributorship accounts with Youngevity had been suspended and, if they failed to comply with Youngevity's demands, said accounts would "be terminated permanently and all commissions associated with them [would] be forefeited [sic]." (ECF No. 643-3 , at 3.)

On March 17, 2016, six days before Youngevity initiated the instant action, Wakaya filed an action against Youngevity in Utah state court alleging that Youngevity's threatened and subsequent termination of Youngevity distributorships affiliated with Wakaya constituted tortious interference and unfair competition.  (*See Wakaya Perfection et al. v. Youngevity Int'l et al.*, Case No. 2:16-cv-00315-DN (D. Utah) (the "Utah Action"), ECF No. 3, at 2.)  Wakaya did not serve Youngevity in the Utah Action until April 15, 2016, however, when it served Youngevity's counsel with its first amended complaint filed that same day.[1]  (*Id.*) On April 19, 2016, Youngevity and the other Utah Action-defendants removed the Utah Action to the Utah District Court.  (Utah Action, ECF No. 3.)  On April 21, 2016, Youngevity and the other Utah Action-defendants moved to dismiss the amended complaint in the Utah Action based upon purportedly-binding arbitration agreements, lack of personal jurisdiction, and failure to state a claim upon which relief could be granted.  (Utah Action, ECF No. 20.)  On November 7, 2017, The Utah District Court granted dismissal based in part upon the existence of the instant litigation and principles of abstention.[2]  (Utah Action, ECF No. 38, at 6-7,

---

[1] Notably, that amended complaint added several of the Wakaya Parties as plaintiffs – and several of the Youngevity Parties as defendants – in the Utah Action.  (*Compare* Utah Action, ECF No. 16-1 (original complaint); *with* Utah Action, ECF No. 16-4 (first amended complaint).)

[2] Based upon such dismissal, the Utah District Court declined to reach the issue

3:16-cv-704-BTM-JLB

11-13, 15.) On December 11, 2018, the United States Court of Appeals for the Tenth Circuit reversed that dismissal, concluding in relevant part that the Utah District Court had applied the wrong test in abstaining from hearing the Utah Action. (Utah Action, ECF No. 44, at 4-9, 20.) On January 4, 2019, one day after the Tenth Circuit issued its mandate remanding the Utah Action to the Utah District Court, the Youngevity Parties moved to stay and/or dismiss the Utah Action. (Utah Action, ECF Nos. 44-2, 46.) On February 7, 2019, the Wakaya Parties moved for leave to file a third amended complaint in the Utah Action. (Utah Action, ECF No. 52.) On February 28, 2019, the Utah District Court stayed the Utah Action in light of the relative chronology of the Utah Action to the instant action and declined to reach whether it had personal jurisdiction over the Youngevity Parties or whether leave to amend was appropriate.[3] (Utah Action, ECF No. 57.) On April 26, 2019, the Wakaya Parties filed their instant motion to transfer in this action. (ECF No. 632.)

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks and citations omitted). Factors to be considered include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating

---

of whether it had personal jurisdiction over the defendants before it. (Utah Action, ECF No. 38, at 13.)

[3] Notably, at oral argument held before the Utah District Court on February 26, 2019, the Wakaya Parties "indicated that if the [instant] California action were not transferred to Utah, then they would move to voluntarily dismiss" the Utah Action. (Utah Action, ECF No. 57, at 5.)

3:16-cv-704-BTM-JLB

to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof[;] . . . . [(9)] the presence of a forum selection clause[; and] . . . . [(10)] the relevant public policy of the forum state, if any . . . ." *Id.* at 498–99 (internal citations and footnotes omitted).

The Wakaya Parties argue that transfer to the Utah District Court is appropriate because "Utah is the most convenient forum for most of the parties and witnesses." (ECF No. 632-2, at 7.) They argue that "seven parties" and "eighteen third-party witnesses are located in or have substantial ties to Utah," while only "five parties are located in or have substantial ties to San Diego" and "three third-party witnesses are located in San Diego." (ECF No. 632-2, at 14 n.3 & n.4.) Yet the Wakaya Parties fail to specifically identify the testimony each such witness would provide at trial, the relative importance of such testimony at trial, and the relative costs the parties and witnesses will incur in attending trial in the Utah District Court versus this Court. And while the Wakaya Parties further argue that the Youngevity Parties have "purposefully directed business activities and tortious conduct at Utah knowing that these activities would cause harm in Utah," (*id.* at 14-15), the Wakaya Parties ignore their own conduct directed at this forum that is the basis of the Youngevity Parties' claims in this action. Moreover, the Wakaya Parties ignore that California law governs several of the claims asserted by both sides in this action and that this Court is intrinsically more familiar with such law than the Utah District Court. Finally, the Court notes that the Utah District Court has yet to decide whether it has personal jurisdiction over Youngevity and all the other defendants in the Utah Action. Thus, weighing all relevant factors, the Court concludes that the Wakaya Parties have failed to demonstrate that transfer is appropriate under § 1404(a).

Alternatively, the Wakaya Parties argue that transfer is appropriate under the

3:16-cv-704-BTM-JLB

"first-to-file" rule, which "allows a district court to stay [or transfer] proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Id.* at 1240 (internal quotations and citations omitted). "Courts should analyze three factors in deciding whether to apply the first-to-file rule, namely chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.*

Here, there is no meaningful dispute regarding the similarity of the parties and issues in this action and the Utah Action. Nevertheless, the Court concludes that a transfer of this matter is not appropriate under the first-to-file rule in light of the actions' relative chronology. While the Utah Action has remained in the pleadings stage, the instant action has progressed substantially. The parties have completed discovery and summary judgment briefing on the Wakaya Parties' counterclaims in this action, and this Court has ruled on numerous other motions for summary judgment and other substantive motions (including the grant of a preliminary injunction). Indeed, it is somewhat telling that, at present, there are over ten-times as many docket entries in this action (729) compared to the Utah Action (58). Further, this Court has set several of the Youngevity Parties' claims for trial and the parties have briefed numerous motions in limine and made several other substantive filings in relation thereto. Transferring this action to the Utah District Court would inevitably delay these proceedings and waste the time and resources of the parties and the courts. Simply put, judicial economy and efficiency would not be served by transferring or staying this action under the first-to-file rule. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule was developed to serve the purpose of promoting efficiency . . . .") (internal quotations and citations omitted).

Further, equity does not necessarily favor transfer, because while Wakaya

filed the Utah Action six days before Youngevity filed the instant action, Wakaya did so in anticipation of the instant action. Indeed, Wakaya's original complaint in the Utah Action explicitly states that Youngevity "ha[d] threatened litigation against both the former Younevity distributors . . . and against Wakaya," (Utah Action, ECF No. 16-1, ¶ 16), and the relative thoroughness and sophistication of Youngevity's initial complaint in this action to that of Wakaya's initial complaint in the Utah Action is revealing. (Compare ECF No. 1; with Utah Action, ECF No. 16-1.) And, the record is unclear as to whether the Utah District Court would have had personal jurisdiction over all of the Wakaya Parties on all of the Youngevity Parties' claims in this action were it originally brought in the Utah District Court. *See In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) ("Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion."); *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) ("If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have been brought' [under § 1404(a)]." (citations omitted)). In light of the foregoing, the Court declines to transfer (or stay) this action based upon the first-to-file rule. *See Alltrade*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary[.]").

Accordingly, the Wakaya Parties' motion to transfer (ECF No. 632) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 10, 2020

_____
Honorable Barry Ted. Moskowitz
United States District Judge

3:16-cv-704-BTM-JLB