UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>Todd Smith, *et al.*,<br><br>  Defendants. | Case No.: 3:16-cv-704-BTM-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**<br><br>**[ECF NO. 628]** |

Before the Court is the plaintiffs' motion for leave to file a fifth amended complaint to allow Plaintiff Youngevity International Corp. ("Youngevity") to add claims for breach of contract against Defendants Dave Pitcock, Barb Pitcock, Todd Smith, Blake Graham, Andre Vaughn, and Total Nutrition, Inc. (collectively, the "Distributor Defendants"). (*See* ECF No. 628; *see also* 628-3, at 81-83.)

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital*, 316 F.3d at 1051. Indeed, "[i]n exercising its discretion a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or

1

technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations and citations omitted). Nevertheless, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Moreover, where a motion to amend is filed after the deadline set by the Court for filing such a motion, the movant must demonstrate "good cause" as to why the schedule should be amended. Fed. R. Civ. P. 16(b)(4).

Here, the defendants have failed to demonstrate they will suffer prejudice from the grant of the requested leave to amend. *See DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.") (citations omitted). The facts underlying the proposed claims are already at issue in this action given that they form one of Youngevity's defenses to the Distributor Defendants' breach of contract counterclaims. (*See* ECF No. 670-1, at 8-17 (seeking summary judgment based upon the Distributor Defendants "cross-recruiting" activities).) The defendants' vague assertion that they "would have conducted discovery differently" had Youngevity added its proposed claims earlier in this litigation is insufficient to support a finding of prejudice given their failure to delineate any additional discovery required to defend against Youngevity's "new" allegations. (*See* ECF No. 639, at 8-9.) Additionally, that the defendants have incurred significant expenses in defending against Youngevity's attempts to compel arbitration – and will incur significant expenses in defending against the proposed claims if amendment is allowed – are not sufficient to establish prejudice where, as here, there is an absence of a showing of bad faith or that such expenses were ultimately avoidable. *See United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1184-85 (9th Cir. 2016).

Further, the Court concludes that the plaintiffs have demonstrated good

cause under Rule 16(b)(4) – and the absence of undue delay under Rule 15(a) – in the filing of their instant motion given that the Distributor Defendants' breach of contract counterclaims were stayed pending interlocutory appeal (ECF No. 560, at 2) and prior attempts to amend the plaintiffs' complaint to include the proposed claims may have mooted the appeal or needlessly increased litigation. While the Ninth Circuit ultimately upheld this Court's conclusion that Youngevity had waived its right to compel arbitration, the plaintiffs moved for leave to amend less than ten days after the issuance of the relevant mandate. (*See* ECF No. 650.) Additionally, while the defendants argue that Youngevity "engag[ed] in tactical gamesmanship" in the manner by which it sought to compel arbitration or otherwise seek adjudication of the breach of contract claims and counterclaims (ECF No. 639, at 7), the defendants nonetheless fail to demonstrate such efforts were wholly without merit, motivated by an improper motive, or otherwise made in bad faith.

Finally, the defendants have failed to demonstrate the futility of the proposed amendment, as their arguments concerning the lack of evidence to support Youngevity's allegations of damages proximately caused by the Distributor Defendants' purported breaches are inapposite to a motion seeking leave to amend.[1] *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." (internal quotations and citations omitted)). Moreover, given the unusual procedural history of this case and guided by Rule 15(a)'s purpose of resolving disputes on their merits, the Court is reluctant to conclude that Youngevity has waived its breach of contract claims against the Distributor Defendants by its

---

[1] The Distributor Defendants may raise such arguments in a timely-filed motion for summary judgment. The Court reminds the parties of the limitations on further motion practice in this matter. (*See* ECF No. 675, at 3-4.)

efforts in seeking to compel arbitration.

Based upon the foregoing, the plaintiffs' motion for leave to file a fifth amended complaint (ECF No. 628) is **GRANTED** and the plaintiffs may file an amended complaint in the form of the proposed fifth amended complaint attached to their motion as Exhibit A (ECF No. 628-3). The plaintiffs shall file their amended complaint **on or before April 10, 2020**.

**IT IS SO ORDERED.**

Dated: March 23, 2020

_____
Honorable Barry Ted. Moskowitz
United States District Judge