UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, *et al.*,<br><br>   Plaintiffs,<br>v.<br>Todd Smith, *et al.*,<br><br>   Defendants. | Case No.: 3:16-cv-704-BTM-JLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF NO. 627]** |

Before the Court is the defendants and counterclaim plaintiffs' (collectively, the "Wakaya Parties") motion for reconsideration of this Court's Orders denying them summary judgment on Plaintiffs' fourth (breach of contract) and ninth (breach of fiduciary duty) causes of action. (ECF No. 627; *see also* ECF Nos. 619 (Order denying summary judgment on ninth cause of action), 622 (Order denying summary judgment on fourth cause of action).) Specifically, the Wakaya Parties argue that the Court erred: (i) in denying them summary judgment on Plaintiffs' fourth cause of action by "extending the narrow statutory exception to California's general prohibition against non-compete provisions beyond the scope of the statutory language and governing California caselaw"; and (ii) in denying them summary judgment on Plaintiffs' fourth and ninth causes of action by concluding that there was a material dispute of fact as to whether Plaintiffs demonstrated damages caused by Defendant William Andreoli's breaches. (ECF No. 627-2, at

1

3-4.)

The Wakaya Parties argue "[r]econsideration is justified here because there has been a mistake of law." (ECF No. 627-2, at 5.) While the Wakaya Parties primarily argue they seek reconsideration pursuant to Federal Rule of Civil Procedure 60(b)'s "any other reason justifying relief" provision (*i.e.*, Rule 60(b)(6)), they ultimately rely upon the standard for relief applicable to a motion to alter or amend a judgment pursuant to Rule 59(e).[1] (*See* ECF No. 627-2, at 5-6 ("Pursuant to Rule 60(b) . . . this Court may reconsider an order for any reason that justifies relief. . . . Though a motion for reconsideration may be granted on any grounds that justifies relief, the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." (internal quotations and citations omitted)).)

Because the Wakaya Parties' motion for reconsideration was filed more than 28 days after the entry of the Order denying summary judgment on Plaintiffs' ninth cause of action, however, the Wakaya Parties may not rely upon Rule 59(e) in seeking reconsideration of that Order. Fed. R. Civ. P. 59(e); CivLR 7.1.i.2. Further, because the Wakaya Parties failed to raise their present arguments concerning the scope of the Cal. Bus. & Prof. Code. § 16601 "goodwill" exception (*i.e.*, that it only applies to competition with FDI, not competition with Youngevity) in their briefing of the underlying motion, they may not rely upon Rule 59(e) in seeking reconsideration of that portion of the Order denying summary judgment on Plaintiffs' fourth cause of action. *See Kona Enterprises, Inc. v. Estate of Bishop*,

---

[1] Compare *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); with [60(b) general standard].

229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (citations omitted)).

Nevertheless, "[t]he law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 356 (9th Cir. 1966)); *see, e.g., In re Int'l Fibercom, Inc.*, 503 F.3d 933, 947 (9th Cir. 2007) ("Reconsideration was . . . proper under Federal Rule of Civil Procedure 60(b)(6)" where bankruptcy court's order "granted relief not permitted by the Bankruptcy Code[.]"); *Liberty Mut. Ins. Co.*, 691 F.2d at 441 ("We hold that the district court did have power under Rule 60(b)(1) to reconsider its award of costs."). *But see Title v. United States*, 263 F.2d 28, 31 (9th Cir. 1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."). Accordingly, the Court addresses the merits of the Wakaya Parties' arguments.

As to the Court's first purported "mistake," the Court concludes it made no error of law. In denying the Wakaya Parties summary judgment, the Court concluded that a Non-Competition Agreement entered into by Defendant Andreoli was enforceable under California law pursuant to Cal. Bus. & Prof. Code § 16601, which provides an exception to the general prohibition on non-compete agreements provided by Cal. Bus. & Prof. Code § 16600. (ECF No. 622, at 6-8; *see also* ECF No. 269-1, at 375-86 (the Non-Competition Agreement).) In seeking reconsideration, the Wakaya Parties argue that the Non-Competition Agreement was limited by § 16601 such that it only prohibited Defendant Andreoli from competing against the business he sold to Youngevity (namely Financial Destination Inc. ("FDI")), not Youngevity itself. Given that a reasonable factfinder could conclude from the evidence of record that Youngevity and FDI (and Wakaya) were in similar fields of business, Youngevity continued to market and sell FDI's products and services after it was absorbed into Youngevity, and Defendant

Andreoli (and Wakaya) subsequently attempted to compete in a similar business to that of FDI after its sale to Youngevity and to solicit formerly FDI, now Youngevity, customers and distributors in violation of the Non-Competition Agreement, the Wakaya Parties' argument lacks merit. *See* Cal. Bus. & Prof. Code § 16601 ("Any person who sells the goodwill of a business, or any owner of a business entity selling or otherwise disposing of all of his or her ownership interest in the business entity, . . . may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold, or that of the business entity, division, or subsidiary has been carried on, *so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein.*"); *Alliant Ins. Servs., Inc. v. Gaddy*, 159 Cal. App. 4th 1292, 1301-02 (2008) ("The reason for this exception to the general rule against noncompetition covenants is to prevent the seller from depriving the buyer of the full value of its acquisition, including the sold company's goodwill. . . . A business can develop and enjoy a public 'goodwill' even though its product is sold by another company as a component of the latter's end product."); *Monogram Indus., Inc. v. Sar Indus., Inc.*, 64 Cal. App. 3d 692, 698 (1976) ("The buyer's business need not use the same name or similar organization.").

Indeed, the Wakaya Parties' instant argument has previously been rejected by a California Court of Appeal:

> Defendants contend that the covenant is void. They point to its terms whereby Blick agreed not to compete with 'the Company' which is Monogram. The argument goes that . . . section 16601 permits only covenants not to compete with the business of the corporation whose stock was sold. In this case, that would be Modular.
>
> We are of the opinion such a construction is tortured and unduly restrictive. The thrust of . . . section 16601 is to permit the purchaser of a business to protect himself or itself against competition from the seller which competition would have the effect of reducing the value of the property right that was acquired. Prior to the acquisition of Modular

> by Monogram, both were engaged in an almost identical field of business. After the acquisition, competition with Modular was competition with Monogram in the field of business in which Modular had been engaged.
>
> A common sense interpretation of the covenant establishes that it was the type of agreement sanctioned by Business and Professions Code section 16601. In agreeing not to compete with the business of Monogram after its acquisition of Modular, Blick contracted not to compete in the field in which both companies were engaged.

*Monogram Indus., Inc.*, 64 Cal. App. 3d at 700–01. Further, the Wakaya Parties reference to *Strategix, Ltd. v. Infocrossing W., Inc.,* 142 Cal. App. 4th 1068, 1072-74 (2006), which dealt with a business-seller's solicitation of a business-buyer's employees and customers that were *not* formerly employees or customers of the sold-business, is inapposite.[2]

As to the Court's second purported "mistake," the Court again concludes it did not err. In denying the Wakaya Parties summary judgment on Plaintiffs' fourth and ninth causes of action, the Court concluded that it could not state, as a matter of law, that Defendant Andreoli's purported breaches did not cause damages to

---

[2] *See Strategix, Ltd.,* 142 Cal. App. 4th at 1073, 48 Cal. Rptr. 3d 614, 617 (2006) ("[W]e conclude courts may enforce nonsolicitation covenants barring the seller from soliciting the sold business's employees and customers. . . . A covenant not to solicit the sold business's employees and customers prevents the seller from eroding the very goodwill it sold, while allowing the seller otherwise to pursue its chosen business with whatever employees and customers it can attract. On the other hand, nonsolicitation covenants barring the seller from soliciting all employees and customers of the buyer, even those who were not former employees or customers of the sold business, extend their anticompetitive reach beyond the business so sold. They do more than ensure the buyer receives the full value of the business it bought, whose goodwill does not include the patronage of the general public." (internal quotation marks and emphasis omitted) (citing Cal. Bus. & Prof. Code §§ 16600 & 16601 and *Hill Medical Corp. v. Wycoff*, 86 Cal. App. 4th 895, 902 n.6 (2001)).

Plaintiffs. (ECF No. 619, at 6; ECF No. 622, at 8.) In support thereof, the Court cited the expert witness report of Mr. Richard Hoffman,[3] who stated that Youngevity's "revenues . . . decreased in the 6 months before the Defendants left (March 2016) and increased in the six months after they left." (ECF No. 292-3, at 381). While the Wakaya Parties now argue that Mr. Hoffman further opined that these decreases "were part of larger industry trends in the same period," (ECF No. 627-2, at 14 (citing ECF No. 292-3, at 381)), such conclusion is not the only one that can be reasonably drawn from the record, (*see, e.g.*, ECF No. 293-3, at 210 (report of Plaintiffs' expert witness, Brian Bergmark, concluding that "the entire difference between the Company's expected sales for 2016 and 2017 and their actual sales could reasonably be the result of" Defendant Andreoli's actions)). The Wakaya Parties therefore failed to demonstrate an absence of a dispute of material fact and summary judgment was not appropriate on this issue. *See T.H. v. Novartis Pharm. Corp.*, 4 Cal. 5th 145, 198 (2017) ("[P]roximate cause is ordinarily a question of fact for the jury. The issue cannot be decided as a matter of law unless the only reasonable conclusion from the facts is an absence of causation." (internal citations omitted)).

//
//
//
//
//
//
//
//

---

[3] The Court did make a scrivener's error in its Order denying summary judgment on Plaintiffs' ninth cause of action by referring to Mr. Hoffman as Plaintiffs' – as opposed to the Wakaya Parties' – expert witness. (ECF No 619, at 6.)

The Wakaya parties have failed to establish any other basis for relief. Accordingly, the Wakaya Parties' motion for reconsideration (ECF No. 627) is **DENIED.**[4]

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
Honorable Barry Ted. Moskowitz
United States District Judge

---

[4] Because the motion for reconsideration fails on its merits, the Court need not reach the issue of whether the Wakaya Parties satisfied the requirements of Rule 7.1.i.1 of the Local Civil Rules of Practice for the United States District Court for the Southern District of California.