UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Youngevity International, *et al.*, <br> Plaintiffs, <br> v. <br> Todd Smith, *et al.*, <br> Defendants. <br> Todd Smith, *et al.*, <br> Counterclaim Plaintiffs, <br> v. <br> Youngevity International, *et al.*, <br> Counterclaim Defendants. | Case No.:  3:16-cv-704-BTM-JLB <br><br> **ORDER DENYING MOTION IN LIMINE WITHOUT PREJUDICE** <br><br> **[ECF No. 703]** |

The Plaintiffs and Counterclaim Defendants moved to limit the expert testimony of Dr. Joshua Plant and exclude the Microbac Laboratory tests (EX1003 and EX1004). (ECF 703.)  The Court heard oral argument at the October 6, 2020, pretrial conference.

The Court denies the motion without prejudice.  As discussed at the conference, Dr. Plant will testify in front of the Court to establish the scope of his trial testimony on November 23, 2020.  Any purported prejudice can be addressed

by discovery, which the parties may petition the Court to reopen on a limited basis if needed.

As for the Microbac tests, Rule 703 provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.  Dr. Plant bases his opinion (at least partially) on the Microbac tests).  Rule 703, however, "provides a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose, when that information is offered by the proponent of the expert."  *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003) (quoting Committee Notes to 2000 Amendment).  Wakaya thus has the burden of establishing that the Microbac tests are the kind that a microbiologist would reasonably rely on and that their probative value in helping the jury evaluate Dr. Plant's opinion substantially outweighs their prejudicial effect.

**IT IS SO ORDERED.**

Dated:  October 7, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge